Memorandum. The order of the Appellate Division, upholding the grant of summary judgment and the dismissal of the complaint, should be affirmed:
Defendant, a licensed physician employed by the Pepsi Cola Company as associate director of its medical department, is alleged, in this action commenced in 1966, to have caused the death of Ernest Golini, an executive of said concern and plaintiff’s decedent, by reason of negligence and malpractice. The proof submitted indicates that Golini came to said medical department located in the Pepsi Cola Building in New York City where he was treated by defendant on some occasions and by other department physicians on others, and that defendant treated him on a daily basis at University Hospital for a period of almost six weeks. Defendant received a yearly salary from the corporation, as well as employee benefits such as medical and health insurance and participation in a pension program. All doctors employed by Pepsi Cola worked in the same office and the employer supplied the facilities used there. Although defendant had treated private patients in this office, for which he paid no rent, there is no evidence that decedent engaged defendant on such a basis or compensated or became obligated to defendant for his medical services.
The record reveals, without contradiction, that the medical services furnished decedent were provided as incidental to his *747 employment and, under Garcia v Iserson (33 NY2d 421), the defense of exclusivity of remedy under the Workmen’s Compensation Law, for injuries and wrongful death claimed to have been occasioned because of the negligence and malpractice of the coemployee defendant, was properly sustained. The mere fact that, here, some of the treatment performed by defendant was not on premises of the employing concern does not alter the relationship or constitute a distinction of relevance.
Plaintiff has not furnished evidence sufficient to create an issue of fact as to the existence of private or independent dealings between decedent and defendant. Since defendant has been examined before trial and, in the absence of any showing or even claim that plaintiff has been deprived of full disclosure in this action of rather ancient vintage, the motion should not be denied on the ground that there remain facts entirely within movant’s knowledge. (Terranova v Emil, 20 NY2d 493, 497; Mitchiner v Bowery Sav. Bank, 31 AD2d 803; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.10, p 32-142.53).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs, in a memorandum.