■    CHURCH OF GOD OF PROSPECT PLAZA, Appellant, v FOURTH CHURCH OF CHRIST, SCIENTIST, OF BROOKLYN, NEW YORK, Respondent.—In an action, *inter alia,* for specific performance of a contract for the sale of real property, plaintiff appeals from (1) an order of the Supreme Court, Kings County, dated March 1, 1977, which, *inter alia,* dismissed the complant and (2) a further order of the same court, dated April 8, 1977, which denied plaintiff's renewal motion. Orders reversed, with one bill of $50 costs and disbursements, motion by defendant for summary judgment denied, and action remitted to Special Term for further proceedings consistent herewith. The parties negotiated for the sale of defendant's church property to plaintiff. The terms of sale were agreed upon and were incorporated into a proposed contract of sale, which defendant mailed to plaintiff for execution. Plaintiff executed the contract and returned it to defendant with a check for the down payment. Defendant never executed the contract and returned the down payment to plaintiff. Plaintiff commenced suit for specific performance or, in the alternative, for damages. Defendant moved for summary judgment dismissing the complaint and raised the defense of the Statute of Frauds. Plaintiff cross-moved for summary judgment in its favor, and served a notice of deposition and inspection of the corporate minutes upon defendant. Defendant then moved for a protective order. Plaintiff opposed on the ground that it had a valid reason to believe that the signed corporate minutes showed that the corporate body had duly accepted plaintiff's offer in a regular, recorded meeting, the minutes of which had been signed by the appropriate officer. Special Term dismissed the complaint and denied the cross motion without determining whether there should be a deposition and inspection. Although defendant never signed the contract, and none of the correspondence between the parties constitute a sufficient memorandum under the Statute of Frauds (see General Obligations Law, § 5-703, subd 1), the corporate minutes signed by the appropriate officer may constitute a signature sufficient under the Statute of Frauds (see *DFI Communications v Greenberg,* 41 NY2d 602, 607). The unsigned contract of sale adequately described the property and stated the terms of sale; the signed corporate minutes may constitute an adequate acceptance of plaintiff's offer. Without an inspection of the corporate minutes, we are unable to hold that they do not constitute an adequate acceptance of that offer, and that they do not supply the missing link of a signature. Cohalan, J. P., Titone, Hawkins and Suozzi, JJ., concur.