■ BERNHARD P. TAKACS, an Infant, by His Mother and Natural Guardian, RITA TAKACS, et al., Appellants, v FOOD STOP MARKETS, INC., et al., Respondents, et al., Defendants. DRACKETT PRODUCTS COMPANY et al., Third-Party Plaintiffs, v ATTILA TAKACS, Third-Party Defendant.—Order, Supreme Court, New York County, entered August 11, 1977, which granted plaintiffs' motion for reargument of defendants' prior motion for leave to serve an amended answer asserting the exclusive remedy of workmen's compensation as an affirmative defense, and for a stay of plaintiffs' action pending a determination by the New York Workmen's Compensation Board of the employment status of the infant plaintiff, and which, upon reargument, adhered to the original determination granting defendants' motion, unanimously modified, on the law and facts, without costs or disbursements, to the extent of vacating the stay and except as thus modified, affirmed. We do not interpret *O'Rourke v Long* (41 NY2d 219) as requiring a stay of a judicial proceeding, pending resolution of a plaintiff's employment status by the Workmen's Compensation Board, in the absence of a workmen's compensation claim or proceeding. The infant plaintiff has never asserted a workmen's compensation claim for the injuries which he alleges he sustained on August 6, 1971. In such circumstances, the court is a jurisdictionally competent forum to determine the issue of the exclusivity of workmen's compensation as a remedy. Concur—Lupiano, J. P., Fein, Lane, Markewich and Sullivan, JJ.

■ 219 BROADWAY CORP., Respondent, v ALEXANDER's, INC., Appellant.—Order of the Supreme Court, New York County, entered August 15, 1977, to the extent it denied appellant's motion to dismiss the complaint, unanimously reversed, on the law, with costs and disbursements, the motion granted and the complaint dismissed. Appeal from that portion of the order awarding respondent priority in examination before trial is dismissed as moot, without costs or disbursements. The gravamen of the complaint is that appellant (landlord) refused to deliver to respondent (tenant) the 10-year lease for the parking lot allegedly executed by appellant. Absent delivery, the "lease" is ineffective *(Geraci v Jenrette,* 53 AD2d 538, affd on other grounds 41 NY2d 660, 666; Real Property Law, §§ 244, 246). The complaint does not allege breach by appellant of an executory contract to enter into a lease for the parking lot. Accordingly, we are not concerned with a question whether such an agreement was enforceable against appellant (see *Geraci v Jenrette,* 41 NY2d 660, 666, *supra;* see, also, *Church of God of Prospect Plaza v Fourth Church of Christ, Scientist, of Brooklyn,* 59 AD2d 732; see, also, General Obligations Law, § 5-703, subd 2). Concur—Lupiano, J. P., Birns, Silverman, Evans and Sullivan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS LLOYD, Also Known as THOMAS LLOYD, Appellant.—Judgment, Supreme Court, Bronx County, rendered on May 22, 1974, unanimously affirmed. Application by appellant's counsel to withdraw as counsel granted (see *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833). No opinion. Concur—Birns, J. P., Evans, Fein, Lane and Sullivan, JJ.