■ JUDITH MILASHOUSKAS et al., Respondents, v MERCY HOSPITAL, Appellant, et al., Defendants.—In a medical malpractice action, defendant Mercy Hospital appeals from an order of the Supreme Court, Nassau County, dated June 23, 1977, which granted the plaintiffs' motion, pursuant to CPLR 3211 and 3212, to dismiss the hospital's first affirmative defense. Order affirmed, with $50 costs and disbursements. Plaintiff, Judith Milashouskas, was seriously injured in the course of her employment as a nurse in the defendant Mercy Hospital. Requiring immediate medical attention, she went to the emergency room of the hospital and was subsequently hospitalized as an in-patient. Mrs. Milashouskas and her husband have commenced this medical malpractice action alleging that they suffered damages as a result of negligent medical treatment. The hospital interposed as an affirmative defense that the action was barred by subdivision 6 of section 29 of the Workers' Compensation Law. Upon motion, Special Term dismissed the affirmative defense. On the present record, it is apparent that the plaintiff nurse received medical treatment as a member of the public. The hospital has failed to come forth with any evidentiary showing to support its conclusory allegation that the medical treatment arose out of and in the course of her employment. Under these facts, Special Term correctly held

that subdivision 6 of section 29 of the Workers' Compensation Law is not a bar to this action (see *Stevens v County of Nassau,* 56 AD2d 866). Therefore, the affirmative defense was properly dismissed. It is noted that this determination in no way lessens the plaintiffs' substantial burden of demonstrating by a preponderance of evidence that the injuries of which she complains were proximately caused by the allegedly negligent medical treatment as distinguished from being caused by the underlying accident. To the extent that the damages were caused by the underlying accident, the plaintiffs are not entitled to recovery. Hopkins, J. P., Martuscello, Rabin and Margett, JJ., concur.