HELENE FIRESTEIN et al., Respondents, v KINGSBROOK JEWISH MEDICAL CENTER et al., Appellants, et al., Defendants.

Second Department, May 9, 1988

### APPEARANCES OF COUNSEL

*Lester Schwab Katz & Dwyer (Eric A. Portuguese* and *Steven B. Prystowsky* of counsel), for Kingsbrook Jewish Medical Center, appellant.

*Gordon & Silber, P. C. (David Henry Sculnick* of counsel), for Carol Scott, appellant.

*Weicholz & Peters (Richard Goldstein* on the brief), for respondents.

### OPINION OF THE COURT

Bracken, J.

The question presented for our determination is whether

the plaintiff Helene Firestein's application for, and acceptance of, workers' compensation benefits preclude her from bringing a separate common-law action to recover damages based on subsequent acts of negligence committed by a coemployee which resulted in the aggravation of the work-related injury, where the subsequent aggravation of the initial injury did not arise out of and in the course of the plaintiff Helene Firestein's employment. We determine that the plaintiff Helene Firestein has the right to maintain such an action and accordingly affirm.

The plaintiff Helene Firestein was employed by the defendant Kingsbrook Jewish Medical Center (hereinafter Kingsbrook) as a patient accounts clerk. On June 16, 1982, during the course of her employment, she slipped and fell at Kingsbrook, and was admitted to its hospital for medical treatment. An X-ray photograph disclosed that she had suffered an intertrochanteric fracture of the right femur, which condition was treated by an open reduction and internal fixation of a screw and plate, and Knowles pins.

Mrs. Firestein alleges that, on July 22, 1982, the defendant Scott, another employee of Kingsbrook, negligently caused "the plaintiff *[sic]* to be precipitated to [a] wheelchair with undue force". This negligent act allegedly resulted in a reinjury of the plaintiff's hip. It is alleged that the previously inserted Knowles pins and compression screw and plate had to be removed, and that Mrs. Firestein then had to undergo a hip replacement.

Mrs. Firestein applied for, has received and continues to receive, workers' compensation benefits. It is undisputed that these benefits have been computed so as to provide compensation for all of the injuries which were suffered by Mrs. Firestein because of her work-related accident; that is, the scope of the workers' compensation benefits includes not only the injury originally suffered by Mrs. Firestein on June 16, 1982, but also the aggravation, or new injury, which occurred on July 22, 1982, and which would not have occurred but for the original work-related accident.

Mrs. Firestein commenced this action against Kingsbrook and Scott by the service of a summons and complaint. The complaint refers only to the incident of July 22, 1982. The defendants Kingsbrook and Scott each appeared and answered separately; in neither appellant's original answer was the defense of the exclusivity of workers' compensation asserted.

By notice of motion dated August 12, 1986, the defendant Scott moved (1) for leave to amend her answer for leave to assert a defense based on workers' compensation and (2) to dismiss the plaintiffs' complaint insofar as it is asserted against her, based on that defense. By notice of cross motion dated September 17, 1986, the defendant Kingsbrook cross-moved to dismiss the plaintiffs' complaint insofar as it is asserted against it on that basis.

The Supreme Court, Kings County, denied the motion and the cross motion in a decision and order (one paper) dated December 2, 1986. These appeals followed.

It is well settled that a person who is injured in the course of his or her employment and who later suffers an aggravation of this injury due to medical malpractice has a remedy against his employer under the Workers' Compensation Law, both as a result of the original injury and as a result of the malpractice *(Matter of Parchefsky v Kroll Bros.,* 267 NY 410). In *Matter of Parchefsky v Kroll Bros. (supra,* at 417), the court stated that "[c]ompensation for the original injury includes the ultimate results of the injury, though the injury has been aggravated by intervening malpractice". In the present case, if Mrs. Firestein had been treated at a different hospital, and if she had suffered a similar aggravation of her injury as the result of the negligence of some other person, who was not a coemployee, there is no question that the aggravation of the initial injury would be compensable.

The payment of compensation under the rule of the *Parchefsky* case *(supra)* is not dependent on whether the subsequent aggravation of the original injury occurred within the scope of the claimant's employment. Rather, the plaintiff is entitled to compensation for his or her total disability provided that the original injury was work related, and further provided that "the chain of causation between accidental injury and ultimate disability remains unbroken" *(Matter of Parchefsky v Kroll Bros., supra,* at 412).

It was recognized in *Parchefsky (supra)* that the entitlement of an injured employee to workers' compensation benefits, inclusive of damages for subsequent medical malpractice, did pose the risk of an unjust double recovery should such an employee also be permitted to recover in his action for damages against the subsequent tort-feasor. This risk was obviated, however, by the terms of the then extant Workers' Compensation Law § 29, pursuant to which the acceptance of

workers' compensation benefits, which were inclusive of damages for subsequent medical malpractice, operated as an assignment of the employee's cause of action against the successive tort-feasor to the person or insurance carrier responsible for making the workers' compensation payments *(Matter of Parchefsky v Kroll Bros., supra,* at 415). Under the law then in effect, "where an employee accepts compensation, under a Work[ers'] Compensation Law for an industrial injury *including* the results of malpractice in the treatment of such injury, he [could not] maintain an action against the negligent physician" *(Matter of Parchefsky v Kroll Bros., supra,* at 417). In that event the right of action for malpractice passed under the statute to the party paying the compensation.

Although Workers' Compensation Law § 29 has since been amended so as to alter the mechanism by which a double recovery in cases such as this is prevented, the *Parchefsky* rule that workers' compensation covers not only the original work-related injury but any aggravation thereof, is still valid. The Court of Appeals has reaffirmed the rule that: "Where * * * the aggravation injuries are the direct consequence of the initial compensable injury and the chain of causation between the accidental injury and the ultimate disability remains unbroken, an injured employee is entitled to the statutory compensation for the ultimate disability so resulting from the initial injury" *(Matter of Roach v Hastings Plastics Corp.,* 57 NY2d 293, 296).

The current provisions of Workers' Compensation Law § 29 no longer provide for an assignment by the injured employee of his cause of action against a third party where the injured employee accepts workers' compensation. Instead, the injured employee may accept workers' compensation and also bring an action against the third-party tort-feasor, and the party responsible for the payment of compensation is entitled to a lien on whatever recovery there might be in the third-party action *(see,* Workers' Compensation Law § 29 [1], amended by L 1937, ch 684; *Hession v Sari Corp.,* 283 NY 262).

In *Matter of Roach v Hastings Plastics Corp. (supra),* the Court of Appeals held that the settlement by an injured employee of his action against successive third-party tort-feasors, without the consent of the party responsible for workers' compensation payments, relieves that party of any responsibility to make workers' compensation payments attributable to the injuries caused by the postaccident malpractice. However,

the workers' compensation carrier remains liable for payments attributable to the initial injury.

Pursuant to the reasoning of the *Roach* and *Parchefsky* cases *(supra)*, no risk of double recovery is presented by the plaintiffs' pursuit of a common-law action for damages against the defendants Kingsbrook and Scott. Any recovery in this action will be subject to a workers' compensation lien, so that the possibility of duplicative recovery for the same injuries is precluded.

The appellants argue that because Kingsbrook was Helene Firestein's employer and because Scott was her coemployee, they are shielded from liability at common law. This argument is meritless for the basic reason that Mrs. Firestein's injuries alleged to have been caused on July 22, 1982, did not arise in the course of her employment. Where an employee of a hospital is admitted as a patient, and is negligently treated at that hospital, the injuries which result from such mistreatment have been held not to arise out of the injured person's employment, so that an action at law to recover for such injuries may be brought *(see, Sivertsen v State of New York,* 19 NY2d 698; *Volk v City of New York,* 284 NY 279; *Milashouskas v Mercy Hosp.,* 64 AD2d 978; *Stevens v County of Nassau,* 56 AD2d 866). These cases are to be distinguished from those in which malpractice is committed by a coemployee of the plaintiff, and where the medical services rendered by that coemployee were not available to the public, but were exclusively available to coemployees, so that a nexus exists between the plaintiff's employment and the occurrence of the malpractice *(see, Golini v Nachtigall,* 38 NY2d 745; *Garcia v Iserson,* 33 NY2d 421).

At the core of the appellants' arguments is their literal construction of Workers' Compensation Law § 29 (6), which provides that "[t]he right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in case of death his dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ". No court has ever interpreted this statute so as to preclude a party, who is initially injured in the course of his employment, from recovering in an action at law for the additional damages caused by an aggravation of the injury which occurs outside the scope of his employment, solely on the ground that the aggravation was caused by a coemployee.

This interpretation was, in fact, previously rejected by this

court in *Milashouskas v Mercy Hosp. (supra).* In that case, we upheld the right of a hospital employee to bring an action at law to recover compensation for injuries caused by the malpractice of her employer or a coemployee, which occurred outside the scope of employment, and which resulted in the aggravation of a previous job-related injury. The record in the *Milashouskas* case indicated that the plaintiff had been receiving workers' compensation for the effects of the original work-related injury, as well as for the aggravation thereof. The availability of workers' compensation with respect to the aggravation injuries in the *Milashouskas* case *(supra),* was thus held not to deprive the plaintiff of her right to sue for the damages caused by medical malpractice not related to her employment. We do not agree with the appellants in the present case that the *Milashouskas* case should now be overruled.

The appellants also suggest that to permit Mrs. Firestein to recover damages for the injuries attributable to the alleged malpractice which occurred on July 22, 1982, would constitute an acceptance of the "dual capacity doctrine" which was squarely rejected by the Court of Appeals in *Billy v Consolidated Mach. Tool Corp.* (51 NY2d 152, *rearg denied* 52 NY2d 829). Under the dual capacity doctrine, an employee who is injured during the course of his employment may sue his employer for money damages if the employer " 'occupies * * * a second capacity that confers on him obligations independent of those imposed on him as employer' " *(Billy v Consolidated Mach. Tool Corp., supra,* at 158, quoting from 2A Larson, Workmen's Compensation Law § 72.80, at 14-112). Once again, the fundamental distinction in the present case is that the injuries for which Mrs. Firestein seeks compensation in a court of law did *not* occur within the scope of her employment. To allow the plaintiff to pursue her common-law right to recover compensation for the injuries sustained by her as a result of medical malpractice which did not, in any sense, occur during the course of her employment, does not constitute approval of the dual capacity doctrine.

The appellants also argue that we may not make the finding that the injury which occurred on July 22, 1982, did not occur within the scope of Mrs. Firestein's employment. It is argued that this is a question which may be decided only by the Workers' Compensation Board, which body has, in fact, determined that that injury did arise within the scope of her employment.

■ It is true that *O'Rourke v Long* (41 NY2d 219) held that it is inappropriate for the courts to express views with respect to the applicability of the Workers' Compensation Law pending a determination on that issue by the Board *(see, Botwinick v Ogden,* 59 NY2d 909, 911, *revg* 87 AD2d 293)*. In the present case, however, the appellants inform us that the Workers' Compensation Board has now terminated Mrs. Firestein's case, having classified her as permanently totally disabled. The availability of workers' compensation is not a question pending before the Workers' Compensation Board; rather, it has been decided. Further, the decision of the Board that Mrs. Firestein deserved compensation for her total disability did not necessarily entail a finding that the postaccident malpractice which allegedly contributed to this disability was work related. This is so because, as we noted above, her injuries are compensable in their totality, provided that the initial injury was work related, and provided further that the ultimate disability is traceable to the original injury. Thus, the Board did not have to decide, and has no reason to decide now or in the future, whether the aggravation, which concededly contributed to the ultimate disability, itself occurred in the course of Mrs. Firestein's employment.

We would also note, were it necessary for the Board to decide whether the aggravation of Mrs. Firestein's injury occurred within the scope of her employment, and were the Board to decide that such aggravation did occur within the scope of employment, that such a finding would be completely arbitrary and irrational. When Mrs. Firestein suffered the aggravation of her hip injury, she had already been hospitalized for several weeks, and was not in the least sense acting within the scope of her employment. Since it may be determined, as a matter of *law,* that her injury on July 22, 1982, was not in the course of her employment, this is not a case "where the availability of workmen's compensation hinges upon the resolution of questions of fact or upon mixed questions of fact and law" *(O'Rourke v Long, supra,* at 228), and so deference to the Workers' Compensation Board is unnecessary. Nor is there present in this case any question of fact or any mixed question of fact and law with respect to whether workers' compensation is Mrs. Firestein's exclusive remedy under the rule of *Garcia v Iserson* (33 NY2d 421, *supra)* and *Golini v Nachtigall* (38 NY2d 745, *supra) (cf., Botwinick v Ogden,* 59 NY2d 909, *supra)*. This is so because the record is completely devoid of any proof "that the medical services

furnished [to Mrs. Firestein] were provided as incidental to [her] employment" *(Golini v Nachtigall, supra,* at 746-747).

For the foregoing reasons, we agree with the Supreme Court, Kings County, that there is no merit to any defense based on the exclusivity of workers' compensation. Accordingly, the order appealed from should be affirmed.

MOLLEN, P. J., LAWRENCE and KOOPER, JJ., concur.

Ordered that the order is affirmed, with one bill of costs.