McCooe, J.
I respectfully dissent. The plaintiff and alleged tortfeasor Seale were both employees of Chase Manhattan Bank. Seale was employed as a pharmacist at the nonprofit Chase Manhattan Club Employees Pharmacy located in the Chase building. Access to this pharmacy was limited to the approximately 7,000 Chase employees and approximately 2,500 employees of tenants in the Chase building. It is the right of access by the 2,500 employees of the tenants of the Chase *951 building to the Chase pharmacy which forms the basis for the trial court and the majority’s finding that workers’ compensation is not the exclusive remedy.
The Court of Appeals in Garcia v Iserson (33 NY2d 421, 423) held that workers’ compensation was the exclusive remedy where an employee was injured while availing himself of a professional service (medical) provided by his employer and "the services were not available generally to members of the public”. The Court in Golini v Nachtigall (38 NY2d 745) held that workers’ compensation was the exclusive remedy even though the coemployee doctor also treated private patients in office space paid for by their employer.
The fact pattern in the instant case is analogous to the Golini case (supra). Plaintiff was a coemployee of a professional (Scale) who rendered a service incident to plaintiff’s employment. The professional in Golini treated both coemployees and nonemployee private patients on his employer’s premises. Similarly in this case nonemployees, although only a limited class, were allowed use of the Chase Manhattan Club Employees Pharmacy and the services of pharmacists such as Seale.
Workers’ compensation is the exclusive remedy. Chase provided its employees with a nonprofit pharmacy on its premises as an incidental benefit of their employment. Plaintiff, as a Chase employee, availed herself of this benefit which was not available to the general public. The fact that Seale, as Golini, serviced a limited class of nonemployees does not affect the result. The Chase pharmacy was not available to the general public.
I would reverse and dismiss the complaint.
Parness, J. P., and Miller, J., concur; McCooe, J., dissents in a separate memorandum.