Lawrence DARENSBURG and Darlene Darensburg, Appellants

v.

Nathan G. TOBEY, M.D., Appellee.

No. 05–93–01566–CV.

Court of Appeals of Texas, Dallas.

Sept. 6, 1994.

Denise A. Bretting, Katherine Perkins, and Wynthia J. Cheatum, Dallas, for appellants.

Art Lewis, Dallas, for appellee.

Before McGARRY, C.J., and KINKEADE and BURNETT, JJ.

## OPINION

McGARRY, Chief Justice.

Lawrence and Darlene Darensburg appeal a summary judgment granted in favor of Nathan G. Tobey, M.D. on the Darensburgs' medical malpractice claim. We conclude that the workers' compensation act bars the Darensburgs' cause of action and affirm.

## BACKGROUND

Lawrence Darensburg sustained a work-related injury to his wrist while employed by LTV Aerospace. He went to Tobey for treatment. Tobey served as the medical director of LTV's on-site health facility, which provided medical treatment to employees with work-related injuries. Tobey originally told Darensburg that there were no abnormalities in his wrist, that it was badly

sprained, and that it would take approximately five months to heal.

Darensburg continued to feel pain in his wrist and sought additional treatment from Tobey on two occasions. During Darensburg's third visit, approximately eight months after his injury, Tobey informed Darensburg that his wrist had been fractured. Tobey referred Darensburg to another physician, who performed corrective surgery on Darensburg's wrist.

Darensburg received workers' compensation benefits for the injury to his wrist. During oral argument, the Darensburgs conceded that some compensation benefits were received for the aggravation of the original injury. They also admitted that the expenses resulting from the corrective surgery had been paid. The Darensburgs filed this malpractice action against Tobey for the aggravation of the original injury caused by the misdiagnosis. The trial court concluded that Tobey and Darensburg were both employees of LTV and that the exclusive remedy provision of the workers' compensation statute barred the Darensburgs' cause of action. See TEX.REV.CIV.STAT. ANN. art. 8306, § 3(a) (Vernon Supp.1994) (now repealed).

## STANDARD OF REVIEW

The Darensburgs challenge the summary judgment in four points of error. They contend that the exclusive remedy provision violates the open courts, due course of law and equal protection provisions of the Texas Constitution, as well as the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution. They also contend that the workers' compensation act does not apply to the facts of this case.

■ The standard of review for a summary judgment is well established. The movant must show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. In deciding whether there is a disputed issue of material fact, we take evidence favorable to the nonmovant as true, and we indulge every reasonable inference and resolve any doubt in favor of the nonmovant. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

■ To show his right to summary judgment, Tobey must either disprove an essential element of the Darensburgs' cause of action as a matter of law, or establish all elements of an affirmative defense as a matter of law. *See Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970); *Pinckley v. Gallegos,* 740 S.W.2d 529, 531 (Tex.App.—San Antonio 1987, writ denied).

## DOES THE WORKERS' COMPENSATION ACT APPLY?

We first consider the Darensburgs' fourth point of error, which contends that the workers' compensation act does not apply to the facts of this case. The Darensburgs make two arguments: that the aggravation of Lawrence Darensburg's original wrist injury was a separate, non work-related injury, and, that a highly trained professional such as a physician cannot be a co-employee entitled to immunity under the workers' compensation exclusive remedy provision. We examine each argument in turn.

### Work–Related Injury

■ The workers' compensation act was adopted to provide prompt remuneration to employees who sustain injuries in the course and scope of their employment. *Reed Tool Co. v. Copelin,* 610 S.W.2d 736, 739 (Tex. 1980). The act relieves employees of the burden of proving their employer's negligence, and instead provides timely compensation for injuries sustained on-the-job. *See Paradissis v. Royal Indemn. Co.,* 507 S.W.2d 526, 529 (Tex.1974); *Matthews v. University of Tex.,* 295 S.W.2d 270, 272 (Tex.Civ.App.—Waco 1956, no writ). In exchange for this prompt recovery, the act prohibits an employee from seeking common-law remedies from his employer, as well as his employer's agents, servants, and employees, for personal injuries sustained in the course and scope of his employment. TEX.REV.CIV.STAT.ANN. art. 8306 § 3(a) (Vernon Supp.1994) (now re-

pealed).[1] Recovery under the workers' compensation statute is intended to be an injured employee's sole remedy for work-related injuries. *Lawler v. Dallas Statler–Hilton,* 793 S.W.2d 27, 31 (Tex.App.—Dallas 1990, writ denied). For the workers' compensation statute to apply, the injury must arise out of and be received in the course and scope of employment. An employee must establish that the injury occurred while the employee was engaged in or about the furtherance of the employer's business or affairs, and that the injury had to do with and originated in the employer's work. *Deatherage v. International Ins. Co.,* 615 S.W.2d 181, 182 (Tex. 1981); *Dallas Indep. Sch. Dist. v. Porter,* 759 S.W.2d 454 (Tex.App.—Dallas 1988, writ denied). The time, place, and circumstances under which the injury occurred must also be considered. *See Scott v. Millers Mut. Fire Ins. Co.,* 524 S.W.2d 285, 288–89 (Tex.1975).

■ The Darensburgs contend that the aggravation of Lawrence's original work-related injury is a separate non-work-related injury to which the workers' compensation statute does not apply. Therefore, they contend that they should be allowed to pursue a common-law malpractice action against Tobey. Tobey contends that any aggravation of the initial injury was also work-related and that the workers' compensation act is Darensburg's exclusive remedy.

It is undisputed that Darensburg's initial wrist injury was sustained in the course and scope of his employment with LTV. For summary judgment purposes, we assume Tobey aggravated the injury and that the aggravation was a separate and distinct injury.[2] The question remaining is whether Darensburg sustained the second injury in the course and scope of his employment.

Our review of the summary judgment evidence shows that Darensburg was only permitted to see Tobey as a result of his employment with LTV. LTV facilities were not open to the general public and Tobey was authorized to treat only LTV employees. LTV made a business decision to provide on-site health care for its employees, and it was in the furtherance of this business interest that Darensburg allegedly sustained an additional injury. Thus, we conclude that the alleged aggravation of Darensburg's injury occurred in the course and scope of Darensburg's employment and is a work-related injury. *See McNeil v. Diffenbaugh,* 105 Ill. App.3d 350, 434 N.E.2d 377, 380 (1982).

### Co–Employee Immunity

■ Having held that the aggravation of Darensburg's injury was work-related, we next consider whether the workers' compensation act bars a common-law remedy for that injury. The trial court held that the Darensburgs' cause of action was precluded by the act's exclusive remedy provision, which reads:

> Exclusiveness of remedy; exemption of compensation from legal process; assignability; recovery from third persons; liability of subscriber. (a) The employees of a subscriber ... shall have no right of action against their employer or against any agent, servant or employee of said employer for damages for personal injuries, ... but such employees ... shall look for compensation solely to the association....

TEX.REV.CIV.STAT. ANN. art. 8306, § 3(a) (Vernon Supp.1994) (now repealed).

At the outset, we note that both parties characterize Tobey as an LTV employee. The Darensburgs, however, contend that the co-employee immunity provision should not apply to company doctors like Tobey. They contend that the doctor-patient relationship imposes a duty on Tobey independent from that arising from Tobey's status as an LTV employee. The Darensburgs point out that physicians generally are highly skilled professionals who exercise control over the de-

---

**1.** A similar co-employee immunity provision is now located in TEXAS LABOR CODE ANN. § 408.001(a) (Vernon Pamph.1994).

**2.** It is a separate injury if caused by unforeseeable negligence, because the unforeseeable negligence of a third party is an intervening and superseding cause. *See* RESTATEMENT (SECOND) OF TORTS, § 477 (1965). If the aggravation was reasonably foreseeable, it would be attributable to the original work-related injury, and Tobey would not be liable. *Kirby Lumber Co. v. Ellison,* 270 S.W. 920, 921 (Tex.Civ.App.—Beaumont 1925, no writ). Tobey's alleged negligence is not before us.

tails of a patient's treatment. In essence, the Darensburgs argue that Tobey should be treated as an independent contractor notwithstanding his status as an LTV employee, and that the co-employee immunity provision does not apply.

Several jurisdictions have held that company doctors such as Tobey are not immune from liability for professional negligence. *See, e.g., D'Angona v. County of Los Angeles,* 27 Cal.3d 661, 166 Cal.Rptr. 177, 613 P.2d 238 (1980); *Wright v. District Court,* 661 P.2d 1167 (Colo.1983); *Davis v. Stover,* 258 Ga. 156, 366 S.E.2d 670 (1988); *Ross v. Schubert,* 180 Ind.App. 402, 388 N.E.2d 623 (1979); *Ducote v. Albert,* 521 So.2d 399 (La. 1988) (overturned by statute); *Vesel v. Jardine Mining Co.,* 110 Mont. 82, 100 P.2d 75 (1939); *Robbins v. Seekamp,* 122 N.H. 318, 444 A.2d 537 (1982). These jurisdictions reason that company doctors act in the dual capacity of co-employee and physician, and as physicians have an independent duty to their patients.

A greater number of jurisdictions, however, have rejected the dual capacity or independent contractor doctrine for alleged negligence by company doctors. *See, e.g., Panaro v. Electrolux Corp.,* 208 Conn. 589, 545 A.2d 1086 (1988); *Unger v. Continental Assurance Co.,* 107 Ill.2d 79, 481 N.E.2d 684 (1985); *Jones v. General Motors Corp.,* 136 Mich. App. 251, 355 N.W.2d 646 (1984); *Boyle v. Breme,* 93 N.J. 569, 461 A.2d 1164 (1983) (per curiam); *Golini v. Nachtigall,* 38 N.Y.2d 745, 343 N.E.2d 762, 381 N.Y.S.2d 45 (1975); *Proctor v. Ford Motor Co.,* 36 Ohio St.2d 3, 302 N.E.2d 580 (1973); *Kinloch v. Tonsey,* 325 Pa.Super. 476, 473 A.2d 167 (1984); *Kerr v. Olson,* 59 Wash.App. 470, 798 P.2d 819 (1990); *Deller v. Naymick,* 176 W.Va. 108, 342 S.E.2d 73 (W.Va.1985). These jurisdictions generally have preferred to give a literal reading to the immunity provisions of their workers' compensation statutes. At least one jurisdiction expressly declared it the responsibility of the legislature to create excep-

tions to statutory immunity. *Boyle,* 461 A.2d at 1164.

■ The Texas rule does not fit neatly within either camp.[3] An "agent, servant, or employee" within the meaning of Section 3(a) of the workers' compensation statute is one for whose conduct the employer would be legally responsible under the doctrine of *respondeat superior. McKelvy v. Barber,* 381 S.W.2d 59, 62 (Tex.1964); *Long v. Turner,* 871 S.W.2d 220, 223 (Tex.App.—El Paso 1993, writ denied). This seemingly clear test, however, is remarkably unclear when applied to the facts of this case.

■ First, to define an "employee" as one for whose conduct an employer would be liable is to invite circular reasoning. For in order to determine whether an employer is liable under *respondeat superior,* it is necessary to first determine whether the worker is an employee or an independent contractor. An employer is generally not liable for the tortious acts of an independent contractor in performing the work for which he was employed. *Sanchez v. Mbank of El Paso,* 792 S.W.2d 530, 531 (Tex.App.—El Paso 1990), *aff'd,* 836 S.W.2d 151 (Tex.1992).

■ The test to determine whether a worker is an employee or an independent contractor is whether the employer has the right to control the progress, details and methods of operations of the employee's work. *Thompson v. Travelers Indem. Co.,* 789 S.W.2d 277, 278 (Tex.1990). This same test applies whether the claim arises at common law or under workers' compensation. *Id.* The employer must control not merely the end sought to be accomplished, but also the means and details of its accomplishment. *Id.* Examples of the type of control normally exercised by an employer include when and where to begin and stop work, the regularity of hours, the amount of time spent on particular aspects of the work, the tools and appliances used to perform the work, and the

3. Other jurisdictions have characterized Texas law as following the dual capacity theory, citing *McKelvy v. Barber,* 381 S.W.2d 59 (Tex.1964). *Panaro,* 545 A.2d at 1089; *Wright,* 661 P.2d at 1169. However, this is a misreading of *McKelvy,* which involved a doctor who was solely an independent contractor and not an employee. Texas has expressly rejected the dual capacity theory for employers. *Ramirez v. Pecan Deluxe Candy Co.,* 839 S.W.2d 101, 108 (Tex.App.—Dallas 1992, no writ).

physical method or manner of accomplishing the end result. *Id.* at 278–79.

The summary judgment evidence in this case establishes the following: (1) Tobey is employed to treat LTV employees for work-related injuries; (2) he is on call twenty-four hours per day; (3) if able, he is required to treat all LTV employees and has no discretion to refuse to treat any such employee; (4) he does not solicit patients nor does he treat any patients other than those employed by LTV; (5) he has no active staff privileges at any local hospital; (6) one hundred percent of his income is derived from his LTV salary; (6) LTV provides him with a complete health care facility, supplies, equipment, nursing staff, and clerical staff; and (7) he receives fringe benefits like other LTV employees.

We conclude from our review of the summary judgment evidence that LTV Aerospace exercised control over most, but not all, of the details of Tobey's work. LTV exercised control over Tobey's working hours, his place of work, the identity of his patients, and the facilities and equipment available to him. Presumably, by controlling the facilities and equipment available, LTV also limits the type of medical treatment available at its facility. The only aspect of Tobey's work not within the control of LTV is the actual medical treatment provided by him, which remains subject only to Tobey's professional medical judgment. *See McKelvy*, 381 S.W.2d at 63. This exception notwithstanding, however, we conclude that LTV has the right to control most of Tobey's work, and hold that Tobey is an employee for the purpose of determining whether LTV would be liable for his negligence under *respondeat superior.*

 Next we examine whether LTV would be liable for the negligence of its employee in this case. An older supreme court opinion states that the test to determine an employer's liability for the acts of its employees is whether on the occasion in question, the master has the "right and power to direct and control [the servant] in the performance of the causal act or omission at the very instance of the act or neglect." *American Nat. Ins. Co. v. Denke*, 128 Tex. 229, 95 S.W.2d 370, 373 (1936). This language has never been overruled and continues to be cited by other courts. *See, e.g., Pilgrim v. Fortune Drilling Co.*, 653 F.2d 982, 986 (5th Cir.1981); *Gifford–Hill & Co. v. Moore*, 479 S.W.2d 711, 716 (Tex.Civ.App.—Tyler 1972, no writ); *Monte Christo Drilling Co., v. Crossland*, 477 S.W.2d 362, 365 (Tex. Civ.App.—Corpus Christi 1972, no writ); *Parmlee v. Texas & New Orleans R.R.*, 381 S.W.2d 90, 93 (Tex.Civ.App.—Tyler 1964, writ ref'd n.r.e.). However, in later cases the supreme court relies on a somewhat different test, holding an employer liable for the negligence of its employee whenever the employee's act (1) falls within the scope of the employee's general authority; (2) is in furtherance of the employer's business; and (3) is for the accomplishment of the object for which the employee was hired. *Leadon v. Kimbrough Bros. Lumber Co.*, 484 S.W.2d 567, 569 (Tex.1972); *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex.1971).

At least one court has treated these two tests as equivalent. *Direkly v. Ara Devcon, Inc.*, 866 S.W.2d 652, 654 (Tex.App.—Houston [1st Dist.] 1993, writ dism. w.o.j.). However, the facts of this case reveal at least some conflict between the two rules. Tobey's examination of Darensburg was within his general authority, in furtherance of LTV's business, and was aimed at accomplishing the object for which he was hired, *i.e.*, the treatment of LTV employees' work-related injuries. However, LTV did not have the right to direct and control the performance of the causal act or omission, *i.e.*, the alleged misdiagnosis. Therefore, to the extent that a conflict exists between the two rules, we hold that the later *Leadon* test controls over the earlier *Denke* test.

Under the *Leadon* test, LTV would be liable in *respondeat superior* for Tobey's negligence. Therefore, we hold that full-time, salaried doctors such as Tobey are immune from common-law liability under the exclusive remedy provision of the worker's compensation act.

Other rules of law also support this conclusion, in spite of the fact that employers exercise less than full control over the work of doctors and other licensed professionals.

For example, employers are liable for the negligence of off-duty employees, even though they lack control over their off-duty behavior, if the tort is committed on the employer's premises or with the employer's chattels. *Otis Engineering Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex.1983). Tobey's alleged negligence took place on LTV's premises and while using LTV's facilities.

Moreover, had Tobey been characterized as an independent contractor under a dual capacity theory, that would not have precluded holding LTV liable for his negligence under *respondeat superior.* While an employer is not generally liable for the negligence of an independent contractor, there is an exception for employers who retain some control over the manner in which the independent contractor's work is performed, although not the degree of control that would subject him to liability as a master. *Enserch Corp. v. Parker*, 794 S.W.2d 2, 6 (Tex.1990); *Redinger v. Living, Inc.*, 689 S.W.2d 415, 418 (Tex.1985). The summary judgment evidence shows that LTV exercised sufficient control over the manner in which Tobey performed his work to be held liable in *respondeat superior* even if Tobey were an independent contractor. The facts in this case are distinguishable from those in *McKelvy*, where the "company doctor" was an independent contractor who maintained an independent medical practice and was not paid a salary. *See McKelvy*, 381 S.W.2d at 63.

We hold that the exclusive remedy provision of the workers' compensation act applies to the facts underlying the Darensburgs' common-law cause of action against Tobey. Point of error number four is overruled.

### CONSTITUTIONAL CHALLENGES

The Darensburgs' first three points of error contend that application of the exclusive remedy provision in this case violates the open courts, due course of law and equal protection provisions of the Texas Constitution, as well as the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution. None of these constitutional challenges, however, were pled in the trial court or raised in response to Tobey's motion for summary judgment. Consequently, these arguments have not been preserved for appellate review. *City of San Antonio v. Schautteet*, 706 S.W.2d 103, 104 (Tex.1986); *Dallas Market Center v. Beran Shelmire*, 824 S.W.2d 218, 222 (Tex.App.—Dallas 1991, writ denied). Points of error one, two and three are overruled.

The judgment of the trial court is affirmed.