Barrett, J.
The plaintiff, The Commerce Insurance Company (Commerce), seeks a determination as to its rights and obligations under a Special Business Owners Insurance Policy issued to defendants, Framing-ham Orthopedic Associates, Inc. and Dr. David Fabian (Dr. Fabian). This declaratory judgment action arises in connection with a negligence action in which the defendant Linda Prive (Prive), a nurse, sued defendants Framingham Orthopedic Associates, Inc. and Dr. Fabian for injuries she suffered while assisting Dr. Fabian in an operation during which Dr. Fabian injured Prive’s hand with a surgical instrument.
Commerce moves for summary judgment and asserts that, pursuant to an exclusionary clause in the insurance policy, it is not required to indemnify or *89 defend any actions stemming from the rendering of a professional service. Massachusetts Medical Professional Insurance Association (MMPIA) opposes Commerce’s motion and has cross moved for summary judgment. MMPIA asserts that because it issued Dr. Fabian a medical malpractice insurance policy, it is only liable for patient claims that arise from Dr. Fabian’s rendering of professional services. Thus, the discrete issue presented to this court is whether Dr. Fabian was performing “professional services” within the meaning of either the Commerce or MMPIA insurance policies when he injured Prive’s hand. For the reasons that follow, Commerce’s motion for summary judgment is denied and MMPIA’s motion for summary judgment is allowed.
BACKGROUND
The facts pertinent to the disposition of the parties’ motions are undisputed and may be briefly summarized. On October 15, 1993 Dr. Fabian performed a surgical procedure on an unnamed patient at Framingham Union Hospital. At this time, Prive, a scrub nurse, was assisting Dr. Fabian. During the course of the operation, Prive suffered an injury when an osteotome Dr. Fabian was using cut the web space of Prive’s left hand.
Dr. Fabian had two insurance policies: a Special Business Owner’s policy issued by Commerce and a Medical Malpractice policy issued by MMPIA. The Commerce policy is a general liability business policy which provides coverage for both property damage and physical injury. The policy is subject to several exclusion clauses. In particular, exclusion clause B(l)(j) excludes coverage for:
“Bodily injury,” “property damage,” “personal injury” or “advertising injury” due to rendering or failure to render any professional service. This includes but is not limited to: . . .
(4) medical, surgical, dental, x-ray or nursing services or treatment; . . .
The Medical Malpractice policy, on the other hand, provides that MMPIA will pay damages for injuries arising out of the performance of professional services rendered.
DISCUSSION
Commerce asserts that the exclusion clause forecloses Dr. Fabian’s claim for insurance coverage. As there are no material facts in dispute, “construction of the policy language is a question of law for the judge.” Jet Line Services, Inc. v. American Employers Insurance Co., 404 Mass. 706, 710 n.5 (1989). As a general rule, any ambiguities in an exclusionary clause will be construed against the insurance company. See Nelson v. Cambridge Mutual Fire Ins. Co., 30 Mass.App.Ct. 671, 673 (1991). A party seeking coverage under an insurance policy, however, has the burden of establishing they qualify for coverage. Markline Co. v. Travelers Ins. Co., 384 Mass. 139, 140 (1981).
Here, the Commerce policy contains a clause excluding coverage for bodily injury due to rendering or failing to render any professional service. In examining both the clause and the policy as a whole, the court concludes that the exclusion pertains solely to patient-initiated medical malpractice claims. The exclusion focuses on the provision of (or failure to provide) surgical services or treatment. Clearly, such language contemplates a doctor-patient relationship and a malpractice claim arising from that relationship.
Furthermore, the terms of the Commerce policy imply that the policy was intended to cover liability arising from the operation of a business rather than professional liability. Although the subject business is the practice of medicine, it has two components: the professional and the commercial. The professional component involves the provision of medical services to patients, while the commercial involves the day to day nuances of running a business. Thus, the Business Owner’s policy provides coverage for business-related liability while the MMPIA policy provides coverage for professional liability. See Harad v. Aetna Cas. & Sur. Co. 839 F.2d 939, 985 (3d Cir. 1988).
In this case, it is evident that Prive’s injury occurred in the context of Dr. Fabian’s business activities. Clearly if Prive had tripped while in Dr. Fabian’s office, see also Harad, supra at 985, had been exposed to disease because Dr. Fabian had improperly labeled laboratory samples, see Doe v. Doctors Bryan, Hatcher, Vick and Gastings, 623 So.2d 722 (Ct.App.La. 1993), or had injured herself moving a patient, see Duprey v. Shane, 249 P.2d 8, 13 (Ca. 1952), a medical malpractice action would not be warranted. As these cases recognize, the proper recourse for a physician’s negligence toward nonpatients is a common law claim for negligence rather than a claim for medical malpractice.[2] See Doe, supra at 723; see also Roe v. Federal Ins. Co., 412 Mass. 43, 49-50 (1992) (holding that doctor’s conduct toward patient that does not come within penumbra of doctor-patient relationship cannot form basis for malpractice action).
Accordingly, the exclusion clause in the Commerce policy is not applicable because Dr. Fabian was not rendering professional services for Prive’s benefit when she was injured. The exclusion only applies to medical malpractice claims. Thus, Prive’s claim for bodily injury comes within the terms of the policy and Commerce is obligated to both defend and indemnify Dr. Fabian. The MMPIA policy, on the other hand, does not provide coverage because Dr. Fabian did not injure Prive while rendering professional services. Therefore, MMPIA is not obligated to either indemnify or defend Dr. Fabian.
ORDER
This Court orders that The Commerce Insurance Company’s motion for summary judgment is DENIED and the Massachusetts Medical Professional Insurance Association’s motion for summaiy judgment is ALLOWED. The court further orders that a declaration enter stating that:
*90 1. Dr. Fabian was not rendering professional services to Prive when she was injured and therefore The Commerce Insurance Policy exclusion (B)(l)(j) is not applicable.
2. Commerce is required to defend and indemnify Dr. Fabian and Framingham Orthopedic pursuant to the terms of the insurance policy.
3. MMPIA is not obligated to either defend or indemnify Dr. Fabian or Framingham Orthopedic because Dr. Fabian was not rendering professional services to Prive.

In the case of injury to a physician’s employees, the workers compensation act would be the proper remedy. See e.g. Duprey v. Shane, 249 P.2d 8, 13 (Ca. 1952); Milashouskas v. Mercy Hospital, 408 N.Y.S.2d 808, 809 (Sup Ct. N.Y. 1978).