■ MICHAEL A. MATIAS, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendants. [7 NYS3d 509]—

In an action to recover damages for personal injuries, the defendants City of New York, New York City Fire Department, and Henry J. Cuba appeal from an order of the Supreme Court, Queens County (Kerrigan, J.), dated November 14, 2012, which denied their motion to amend their answer to assert an affir-

mative defense based on the exclusivity provision of the Workers' Compensation Law, and for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff sustained an injury in the course of his employment by the City of New York as a correction officer at Rikers Island. While he was being transported in a New York City Fire Department ambulance to a local hospital, the ambulance, driven by the defendant Henry J. Cuba, was involved in a motor vehicle accident. The plaintiff applied for workers' compensation benefits for the injuries he sustained in the prison, and commenced this action against, among others, the City of New York, the New York City Fire Department, and Henry J. Cuba (hereinafter collectively the appellants) to recover damages for the injuries he allegedly sustained as a result of the motor vehicle accident.

"In general, workers compensation benefits are the exclusive remedy of an employee against an employer for any damages sustained from injury or death arising out of and in the course of employment" (*Maropakis v Stillwell Materials Corp.*, 38 AD3d 623, 623 [2007]; *see* Workers' Compensation Law §§ 11, 29 [6]). However, even where a plaintiff received workers' compensation benefits, he or she is not precluded from commencing a separate action based on subsequent negligent conduct to recover damages for injuries causally related to the initial on-the-job injury, but which did not arise out of or in the course of the plaintiff's employment (*see Baldwin v City of New York*, 43 AD3d 841, 841-842 [2007]; *Firestein v Kingsbrook Jewish Med. Ctr.*, 137 AD2d 34 [1988]).

Here, notwithstanding the plaintiff's claim for workers' compensation benefits for the injuries he sustained in the prison, he is not precluded from commencing a separate action to recover damages caused by separate injuries that occurred outside the scope of his employment (*see Firestein v Kingsbrook Jewish Med. Ctr.*, 137 AD2d at 36). Accordingly, the Supreme Court properly denied the appellants' motion to amend their answer to add an affirmative defense based on the exclusivity of the Workers' Compensation Law, and for summary judgment dismissing the complaint insofar as asserted against them (*see id.* at 36-37). Skelos, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.