**Affirmed and Memorandum Opinion filed July 9, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-01048-CV

**RAYMOND L. BROOKS, Appellant**

**V.**

**THE GOODYEAR TIRE & RUBBER CO., Appellee**

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-39442A**

## M E M O R A N D U M   O P I N I O N

Appellant, Raymond Brooks, appeals the trial court's order granting traditional summary judgment in favor of appellee, The Goodyear Rubber & Tire Company, on its exclusive-remedy affirmative defense pursuant to the Texas Labor Code. We affirm.

# I. BACKGROUND

While working for Qualitech Maintenance, Inc. at the Goodyear facility in Houston, Brooks suffered work-related personal injuries to his hand, shoulder and knee. He alleged he was injured when Ronald Dunaway, a Goodyear employee, ran over Brooks while operating a "4-wheeler all terrain vehicle in a backwards direction without a back up alarm and/or horn, on the premises of the Goodyear plant." Brooks made a claim for benefits under Qualitech's workers' compensation policy and received medical benefits.

Subsequently, Brooks sued Dunaway and Goodyear alleging negligence. Goodyear pleaded the affirmative defense of the exclusivity provisions of the Texas Labor Code. Goodyear sought summary judgment on Brooks's claims against it, urging that the claims were barred because Goodyear was Brooks's "statutory employer."

In support of its traditional motion for summary judgment, Goodyear relied upon (a) an excerpt from Brooks's deposition; (b) the affidavit of Benjamin Ramsey, general counsel for Mundy Service Corporation, a company that provides administrative support to Qualitech; and (c) the "Services Agreement for Contract Labor Between The Goodyear Tire & Rubber Company, Houston, Bayport & Beaumont, Texas and Qualitech Maintenance, Inc." (Services Agreement).

By the deposition excerpt, Brooks testified that he made a workers' compensation claim for the injuries at issue in this case and received benefits. Ramsey testified in his affidavit, in pertinent part that:

> As part of the Services Agreement, representatives of Qualitech Maintenance, Inc. and Goodyear made specific agreements regarding the procurement of workers' compensation coverage for Qualitech Maintenance, Inc. employees working at Goodyear, including Raymond L. Brooks, the Plaintiff in this lawsuit. Article 4.1.2(4) of

2

the Services Agreement required Goodyear to reimburse Qualitech Maintenance, Inc. for the actual cost of providing workers' compensation insurance for Qualitech Maintenance, Inc. employees working at Goodyear's facilities. Qualitech Maintenance, Inc. then procured workers' compensation coverage for the Qualitech Maintenance, Inc. employees paid for pursuant to the Services Agreement by Goodyear by expanding the coverage available under the Mundy Service Corporation's existing blanket policy for its entire worker pool to include Goodyear as a covered premises. As such, Goodyear has been in all ways responsible for reimbursement of costs of workers' compensation coverage to Qualitech Maintenance, Inc. for the Qualitech Maintenance, Inc. employees at the Goodyear facility and has dutifully reimbursed Qualitech Maintenance, Inc. according to the Services Agreement.

Finally, Article 4 of the Services Agreement, entitled "Compensation for Services," shows the supplier Qualitech providing for workers' compensation insurance coverage.

Brooks responded to Goodyear's motion urging that Goodyear failed to adduce summary judgment evidence that it paid for the workers' compensation insurance. Brooks offered no summary judgment evidence.[1] The trial court granted Goodyear's motion for summary judgment.

## II. ANALYSIS

In a single issue, Brooks appeals, arguing that the trial court erred because Goodyear failed to establish its affirmative defense. We affirm.[2]

---

[1] Brooks also objected to Goodyear's evidence. The trial court's summary judgment order states that it has "considered all summary judgment evidence herein." We need not determine whether the trial court's statement is an implicit ruling on Brooks's evidentiary objections as Brooks does not assign error to any evidentiary point. *See San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 209–10 (Tex. 1990) (per curiam) (explaining that "grounds of error not asserted by point of error or arguments to the court of appeals are waived").

[2] Goodyear urges that Brooks failed to properly invoke the jurisdiction of this court with a timely notice of appeal. The trial court granted Goodyear's motion for summary judgment on July 29, 2011. The summary judgment order was interlocutory as claims remained against

3

## A. Standard of Review

To be entitled to summary judgment under Rule 166a(c), a movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We take as true all evidence favorable to the nonmovant and resolve any doubt in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc.*, 289 S.W.3d at 848. A defendant moving for summary judgment on an affirmative defense must prove conclusively the elements of the defense. *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001).

## B. Exclusivity Defense Under The Texas Labor Code

The Texas Workers' Compensation Act (TWCA) was adopted to provide prompt remuneration to employees who sustain injuries in the course and scope of their employment. *Hughes Wood Prods. v. Wagner*, 18 S.W.3d 202, 206 (Tex. 2000) (quoting *Darensburg v. Tobey*, 887 S.W.2d 84, 86 (Tex. App.—Dallas 1994, writ denied)). An employer has the option of providing workers' compensation insurance for employees and becoming a subscriber under the TWCA, or not

Dunaway. The trial court granted Brooks's motion to sever on April 17, 2012, and severed the cause against Goodyear into a separate cause number, 2010-39442-A. Brooks filed a notice of appeal of that "final judgment" in Cause No. 2010-39442 on March 23, 2012. The prematurely filed notice of appeal is effective as deemed filed on April 17, 2012. *See* TEX. R. APP. P. 27.1(a) ("In a civil case, a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal."). This court also recognizes premature notices of appeal, filed in a cause pre-severance, as effective to appeal the interlocutory summary judgment made final by the severance. *See Corcoran v. Atascocita Cmty. Improvement Ass'n*, No. 14-12-00983-CV, 2013 WL 504051, at *1 (Tex. App.—Houston [14th Dist.] Feb. 12, 2013, no pet.) (mem. op.).

providing workers' compensation insurance and remaining a nonsubscriber. TEX. LAB. CODE ANN. § 406.002(a) (West 2006); *Port Elevator-Brownsville, L.L.C. v. Casados*, 358 S.W.3d 238, 241 (Tex. 2012); *Briggs v. Toyota Mfg. of Tex.*, 337 S.W.3d 275, 281 (Tex. App.—San Antonio 2010, no pet.). If the employer chooses not to subscribe, the employer may not assert common law defenses against an employee in a negligence suit. *Briggs*, 337 S.W.3d at 281; *Hunt Constr. Group, Inc. v. Konency*, 290 S.W.3d 238, 243 (Tex. App.—Houston [1st Dist.] 2008, pet. denied).

If the employer is a subscriber, the TWCA allows employees to recover workers' compensation benefits for injuries in the course and scope of employment without proving fault by the employer and without regard to their negligence or that of their coworkers. *Port Elevator-Brownsville, L.L.C.*, 358 S.W.3d at 241. In exchange, the TWCA prohibits an employee from seeking common law remedies from his employer for personal injuries sustained in the course and scope of his employment. *Hughes Wood Prods.*, 18 S.W.3d at 207 (quoting *Darensburg*, 887 S.W.2d at 86). "Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee." TEX. LAB. CODE ANN. § 408.001(a) (West 2006). The exclusive-remedy provision is an affirmative defense. *Warnke v. Nabors Drilling USA, L.P.*, 358 S.W.3d 338, 343 (Tex. App.—Houston (1st Dist.) 2011, no pet.).

The exclusive-remedy defense provided to subscribing employers is also afforded to a general contractor if, pursuant to a written agreement, it "provides" workers' compensation insurance coverage to the subcontractor and its employees. *HCBeck, Ltd., v. Rice*, 284 S.W.3d 349, 350 (2009) (citing TEX. LAB. CODE ANN. §§ 406.123(a), 408.001(a)). If the general contractor "provides" workers'

5

compensation insurance, it becomes a statutory employer of the subcontractor's employees. *Id.* at 352 (citing TEX. LAB. CODE ANN. § 406.123(e)). The sole question presented by this appeal is whether Goodyear is Brooks's statutory employer entitled to the exclusive-remedy defense. Because exclusive remedy is an affirmative defense, Goodyear had the burden to conclusively establish its entitlement to judgment. *See Shah*, 67 S.W.3d at 842 (providing that a defendant moving for summary judgment on an affirmative defense must prove conclusively the defense's elements).

### C. Goodyear "Provided" Workers' Compensation Insurance

Recently, the Texas Supreme Court conducted an extensive statutory analysis of the meaning of the term "provided" in section 406.123 of the Texas Labor Code—the specific provision at issue in this case. In *HCBeck, Ltd.*, the Texas Supreme Court considered "the extent to which a general contractor must 'provide' workers' compensation insurance under the [TWCA] to qualify for statutory employer status and the resulting immunity from the work-related claims of a subcontractor's employees" under section 406.123(a). 284 S.W.3d at 350. The parties did not dispute that HCBeck entered into a contract with FMR by which FMR was to provide insurance on the project under an Owner Controlled Insurance Program (OCIP). *Id.* HCBeck and all subcontractors working on the project were contractually required to enroll in the OCIP. *Id.* The injured worker, an employee of a subcontractor, sued HCBeck. The Supreme Court rejected the argument that HCBeck was not the worker's statutory employer because HCBeck did not "obtain the insurance" or pay for the insurance directly. *Id.* at 353–54. Instead, HCBeck "provided" workers' compensation insurance to the subcontractor because it entered into a written agreement to provide workers' compensation insurance coverage and "contracted to pay for [the subcontractor's] insurance

6

through its agreement to pay the 'Subcontract Amount.'" *Id*. at 358. The statutory language did not permit a more narrow construction of "provide" because the Legislature rejected the term "subscriber." *Id*. at 357. And, the court determined that the broader construction of the term "provide" achieves the Legislative purpose to ensure that subcontractors' employees receive the benefit of workers' compensation insurance. *Id.* at 350.

This case is indistinguishable from *HCBeck*. Goodyear's summary judgment evidence establishes that:

- Goodyear had a written contract that provided for workers' compensation insurance for Qualitech employees.
- Brooks was a Qualitech employee.
- Qualitech purchased workers' compensation coverage for its employees, including Brooks.
- Goodyear contractually obligated itself to reimburse Qualitech for the insurance premiums paid for the Qualitech workers' compensation insurance for workers' at Goodyear facilities, including Brooks.
- Goodyear reimbursed Qualitech for the insurance premiums paid for the Qualitech workers' compensation insurance for workers' at Goodyear facilities.

Brooks urges that this case is more analogous to *Valdez v. MEMC Pasadena, Inc.*, No. 01-09-00778-CV, 2011 WL 743099 (Tex. App.—Houston [1st Dist.] Mar. 3, 2011, no pet.) (mem.). In *Valdez*, our sister court held that merely requiring a subcontractor to maintain workers' compensation coverage is insufficient unless the general contractor has paid for or reimbursed the workers' compensation premiums. *Id*. at \*4. We need not agree or disagree with the holding in *Valdez*, as the summary judgment evidence in this case conclusively establishes that Goodyear was contractually obligated to reimburse for the workers' compensation premiums and complied with that contractual obligation.

7

Therefore, *HCBeck* controls the disposition of this case.  In the absence of a genuine issue of fact regarding whether Goodyear "provided" workers' compensation insurance under a written agreement, the trial court correctly granted Goodyear's motion for summary judgment.

### III. CONCLUSION

Having overruled Brooks's single issue, we affirm.


/s/    Sharon McCally
         Justice

Panel consists of Justices Brown, Christopher, and McCally.