■ Birol Girit, Appellant, v Behcet Dogan, Doing Business as Dogan's Motel, Respondent, et al., Defendants. [638 NYS2d 725] —In a negligence action to recover damages for the aggravation of the plaintiff's job-related injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated July 27, 1994, as granted the branch of the defendants' motion which was for summary judgment dismissing the amended complaint insofar as it is asserted against the defendant Behcet Dogan, d/b/a Dogan's Motel, on the ground that recovery is barred by Workers' Compensation Law § 29 (6).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the branch of the defendants' motion which was for summary judgment dismissing the amended complaint insofar as it is asserted against the defendant Behcet Dogan d/b/a Dogan's Motel is denied.

The plaintiff, while employed by the respondent, Behcet Dogan d/b/a Dogan's Motel, sustained two broken wrists and lacerations to his face when a scaffold on which he was standing collapsed. Approximately four weeks after the accident, while the plaintiff was convalescing at the respondent's motel, the respondent's son, Erol Dogan, an optometry student, removed the plaintiff's casts with a hacksaw and the respondent's wife, Ulker, removed the sutures from his face. Allegedly, as a result, the plaintiff's injuries were aggravated requiring surgery on his left wrist and causing permanent disability to both arms. The plaintiff thereafter received Workers' Compensation benefits but instituted this action alleging, *inter alia*, that the defendants recklessly aggravated his initial injuries. The defendants thereafter moved for summary judgment dismissing the complaint on the ground that Workers' Compensation Law § 29 precluded the plaintiff from commencing a separate action against them. The Supreme Court granted the motion to the extent of dismissing the complaint against the respondent.

The plaintiff's application for, and acceptance of, Workers' Compensation benefits did not preclude him from bringing a separate common-law action to recover damages based on the subsequent acts of negligence which resulted in the aggravation of his work-related injuries where the aggravation of the injuries did not arise out of or in the course of the plaintiff's employment *(see, Matter of Parchefsky v Kroll Bros.,* 267 NY

410; *Firestein v Kingsbrook Jewish Med. Ctr.,* 137 AD2d 34). As we stated in *Firestein v Kingsbrook Jewish Med. Ctr. (supra,* at 39), no court has ever interpreted Workers' Compensation Law § 29 so as to preclude a party who is initially injured in the course of his employment from recovering in an action at law for the additional damages caused by an aggravation of the injury which occurs outside the scope of his employment solely on the ground that the aggravation was caused by a coemployee.

The Supreme Court's reliance upon *Golini v Nachtigall* (38 NY2d 745), and *Garcia v Iserson* (33 NY2d 421), in determining that a nexus existed between the plaintiff's employment and the occurrence of the negligent treatment is misplaced. In those cases, each of the plaintiffs sustained injuries when treated by "trained" medical professionals rendering "professional service made available by the employer to its employees" *(Garcia v Iserson, supra,* at 423). In this case, the untrained defendants' removal of the plaintiff's casts and sutures and the failure of the respondent to follow the treating physician's instructions on follow-up care of the plaintiff cannot be analogized to "treatment" provided by an employer through a company infirmary staffed by trained professionals which provide a direct benefit to employees in the course of their employment.

Therefore, the plaintiff has the right to maintain this action against the respondent and the order granting summary judgment dismissing the complaint insofar as asserted against the respondent is reversed. Balletta, J. P., Joy, Krausman and Florio, JJ., concur.