◾ PIOTR PODBIELSKI et al., Respondents, v KMO-361 REALTY ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendant. YATES GROUP, LTD., et al., Third-Party Defendants-Appellants. [742 NYS2d 664] —In an action, inter alia, to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal and the third-party defendants separately appeal from a judgment of the Supreme Court, Kings County (Vaughan, J.), entered June 30, 2000, which, upon that portion of an order of the same court (Rappaport, J.), dated May 27, 1999, as granted the plaintiffs' motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) against the defendants third-party plaintiffs, and upon a jury verdict on the issue of damages, is in favor of the plaintiffs and against the defendants third-party plaintiffs.

Ordered that the judgment is affirmed, with costs.

On December 1, 1993, the plaintiffs' decedent, a construction worker, fell to his death from a scaffold that was missing guardrails on three of its sides. The decedent was wearing a safety belt at the time of the accident, but the belt had not been tied to a safety line. "Rope grabs," parts of the safety system used to connect a worker's personal safety belt to the safety lines, were not in evidence at the job site immediately after the accident occurred.

The coadministrators of the decedent's estate (hereinafter

the plaintiffs) sued the defendants KMO-361 Realty Associates, the owner of the property, and Lehrer McGovern Bovis, the construction manager of the project (hereinafter collectively the KMO defendants). The KMO defendants brought claims, inter alia, for contractual indemnification against the decedent's employer, Yates Group Ltd., Skyline Windows, and Yates Group Ltd.-Skyline Windows (hereinafter the third-party defendants), which had been retained to do the masonry work in which the decedent was engaged at the time of his accident.

The plaintiffs moved for summary judgment on the issue of liability, establishing that the scaffolding from which the decedent fell violated Labor Law § 240, and that such violations were a proximate cause of his fall. In opposition to the plaintiffs' motion, the KMO defendants and the third-party defendants submitted evidence that the decedent was intoxicated when he fell from the scaffolding, asserting that the decedent's intoxication was the sole proximate cause of his fall. By order dated May 27, 1999, the Supreme Court granted the plaintiffs' motion for summary judgment on the issue of liability. The Supreme Court also granted that branch of the KMO defendants' cross motion which was for summary judgment against the third-party defendants on the issue of contractual indemnification. Although both the KMO defendants and the third-party defendants appealed that order, the third-party defendants withdrew their appeal and this court dismissed the KMO defendants' appeal for failure to prosecute. Subsequently, a jury verdict on the issue of damages was rendered in favor of the plaintiffs, and judgment was entered on the order dated May 27, 1999, and the verdict. Both the KMO defendants and the third-party defendants appeal from the judgment.

In the exercise of discretion in our interests of justice jurisdiction, this Court shall determine the appeal of the KMO defendants (see Faricelli v TSS Seedman's, 94 NY2d 772, 774; Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750; Aridas v Caserta, 41 NY2d 1059, 1061; Bray v Cox, 38 NY2d 350). The third-party defendants, having withdrawn their first appeal, are properly before this Court, and the issues raised by the KMO defendants and the third-party defendants are identical. Moreover, public policy favors the resolution of claims on their merits (see Stolpiec v Wiener, 100 AD2d 931; Stark v Marine Power & Light Co., 99 AD2d 753).

The Supreme Court properly granted the plaintiffs' motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1). Because the lack of safety devices was

demonstrated to have been a proximate cause of the decedent's accident, the decedent's intoxication was not the sole proximate cause of his death (*see Sergeant v Murphy Family Trust,* 284 AD2d 991; *Hodge v Crouse Hinds Div. of Cooper Indus.,* 207 AD2d 1007; *Keane v Sin Hang Lee,* 188 AD2d 636; *Tate v Clancy-Cullen Stor. Co.,* 171 AD2d 292, 296). Further, the decedent's failure to attach his safety harness to a safety line, by the use of a rope grab, does not avail the defendants of the so-called "recalcitrant worker defense," since the evidence established that the defendants did not provide the decedent with such rope grabs (*see Stolt v General Foods Corp.,* 81 NY2d 918, 920; *Hagins v State of New York,* 81 NY2d 921; *Smith v Hooker Chems. & Plastics Corp.,* 89 AD2d 361). Smith, J.P., O'Brien, Friedmann and Cozier, JJ., concur.