■ JAMES TIERNEY, Respondent, v MARIE DRAGO et al., Appellants. [833 NYS2d 127]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme

Court, Suffolk County (Baisley, J.), entered January 23, 2006, which, upon so much of a prior order of the same court dated June 9, 2004, as granted that branch of the plaintiff's motion which was for summary judgment on the cause of action to recover damages for breach of contract against the defendants Marie Drago and Mary Jo Drago, and after an inquest, is in favor of the plaintiff and against the defendants Marie Drago and Mary Jo Drago in the principal sum of $46,223.

Ordered that the appeal by the defendant Christopher Drago is dismissed, as he is not aggrieved by the judgment appealed from; and it is further,

Ordered that the judgment is reversed, on the law and as a matter of discretion, that branch of the plaintiff's motion which was for summary judgment on the cause of action to recover damages for breach of contract against the defendants Marie Drago and Mary Jo Drago is denied, and the order dated June 9, 2004 is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendants Marie Drago and Mary Jo Drago.

In the early 1980's the defendant Marie Drago, a Michigan resident, and her two then-minor children, the defendants Christopher Drago and Mary Jo Drago, inherited from Marie's mother-in-law an unimproved waterfront lot (hereinafter the property) in the Town of Southampton. In or about 1985 the plaintiff, James Tierney, allegedly claiming that the property was worth very little, approached Marie Drago and offered to purchase it for the sum of $13,000. A contract of sale was signed, but Marie Drago later refused to close after realizing that the property was in fact worth considerably more than what Tierney had offered. Tierney subsequently commenced an action against the defendants, which was eventually settled on December 3, 1991 by the execution of a stipulation of settlement (hereinafter the stipulation).

The stipulation provided, in relevant part, that the property would be "immediately placed on the market for sale" by Tierney and the Dragos at an initial offering price of $110,000 and for an initial period of 18 months. If the property remained unsold thereafter, the price would be reduced by $10,000 every six months until such time as the property was sold or until the price was reduced to $70,000. It was further agreed that Tierney and the Dragos would each receive 50% of the net proceeds of sale. The Dragos remained solely responsible for paying all real property taxes until the property was sold, and the parties agreed that the stipulation would be filed and indexed against the property.

Although there is some evidence that Tierney initially contacted real estate brokers and may have briefly listed the property for sale, it is undisputed that the parties did not follow the detailed procedure set forth in the stipulation, and that the stipulation itself was never recorded.

Approximately nine years later, in November 2000, the Dragos, upon receiving an unsolicited offer, sold the property to a third party without informing Tierney and without paying him 50% of the net proceeds of sale. Tierney thereafter commenced this action to enforce the terms of the stipulation. Christopher Drago was never served with process and the complaint was dismissed insofar as asserted against him for lack of personal jurisdiction. Marie Drago and Mary Jo Drago asserted various affirmative defenses, including abandonment.

In an order dated June 9, 2004 the Supreme Court, inter alia, granted that branch of Tierney's motion which was for summary judgment on the cause of action to recover damages for breach of contract against Marie Drago and Mary Jo Drago, and denied that branch of the defendants' cross motion which was pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against Marie Drago and Mary Jo Drago. Although the Dragos appealed from the June 9, 2004 order, their appeal was later dismissed by this Court for failure to prosecute. After an inquest, the Supreme Court entered judgment in favor of Tierney and against Marie Drago and Mary Jo Drago. This appeal followed.

Under the particular circumstances of this case, in the exercise of our discretion, notwithstanding the prior dismissal for failure to prosecute of the appellants' appeal from the order upon which the instant judgment is predicated (*see Bray v Cox*, 38 NY2d 350 [1976]), this Court shall determine the issues raised on the appeal of the defendants Marie Drago and Mary Jo Drago (*see Faricelli v TSS Seedman's*, 94 NY2d 772, 774 [1999]; *Aridas v Caserta*, 41 NY2d 1059, 1061 [1977]; *Podbielski v KMO-361 Realty Assoc.*, 294 AD2d 552, 553 [2002]; *cf. Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750, 756 [1999]).

The Supreme Court erred in granting summary judgment in favor of Tierney on the breach of contract cause of action. "[W]hen parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms" (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). By contrast, where an agreement is ambiguous, "[e]xtrinsic evidence of the parties' intent may be considered" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]). In this case, the stipulation is ambiguous both as to its intended dura-

tion, and as to whether the parties contemplated the possibility that it might expire without any sale taking place. Additionally, the evidence tendered by Tierney left unresolved material issues of fact as to whether, through his own affirmative conduct or failure to act during the nine years following the execution of the stipulation, he abandoned his rights thereunder (*see Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 104 [2006]; *General Motors Acceptance Corp. v Clifton-Fine Cent. School Dist.*, 85 NY2d 232, 236 [1995]; *Sub10k, Inc. v National Mktg. Servs., Ltd.*, 31 AD3d 744 [2006]; *Dutch v Basile*, 170 AD2d 966 [1991]). Therefore, on this record, Tierney failed to establish his prima facie entitlement to judgment as a matter of law (*see Ayotte v Gervasio*, 81 NY2d 1062 [1993]). Accordingly, the judgment appealed from must be reversed and Tierney's motion for summary judgment denied.

The parties' remaining contentions are without merit. Crane, J.P., Florio, Fisher and Dickerson, JJ., concur.