■ CECIL BALDWIN et al., Respondents, v CITY OF NEW YORK et al., Defendants, and ABC AMBULETTE SERVICE, INC., et al., Appellants. [841 NYS2d 690]—

In an action to recover damages for personal injuries, etc., the defendants ABC Ambulette Services, Inc., and Philip Gamer appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated June 7, 2006, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Cecil Baldwin (hereinafter the plaintiff) suffered a work-related injury while in the employ of the appellant ABC Ambulette Services, Inc. (hereinafter ABC), in December 1998, for which he applied for, and received, workers' compensation benefits. On March 17, 1999, while the plaintiff was being transported to a physical therapy appointment in one of ABC's ambulettes, driven by the appellant Philip Gamer, a taxi cab owned by the defendant King Verin Taxi, Inc., and operated by the defendant Chandhry Warraich, collided with the ambulette. As a result, the plaintiff's prior work-related injuries were aggravated. After a hearing, the Workers' Compensation Board ordered the plaintiff's benefits continued as a result of his "consequential . . . injury."

"In general, workers compensation benefits are the exclusive remedy of an employee against an employer for any damages sustained from injury or death arising out of and in the course of employment" (*Maropakis v Stillwell Materials Corp.*, 38 AD3d 623, 623 [2007]; *see* Workers' Compensation Law §§ 11, 29 [6]). However, a "plaintiff's application for, and acceptance of, Workers' Compensation benefits d[oes] not preclude him [or her] from bringing a separate common-law action to recover damages based on the subsequent acts of negligence which

result[ ] in the aggravation of his [or her] work-related injuries where the aggravation of the injuries did not arise out of or in the course of the plaintiff's employment" (*Girit v Dogan*, 224 AD2d 660, 660 [1996]; *see Matter of Parchefsky v Kroll Bros.*, 267 NY 410 [1935]; *Firestein v Kingsbrook Jewish Med. Ctr.*, 137 AD2d 34 [1988]).

The appellants, in their motion for summary judgment, failed to eliminate all issues of fact as to whether the aggravation of the plaintiff's injuries arose out of or in the course of his employment with ABC (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Girit v Dogan, supra* at 661; *Firestein v Kingsbrook Jewish Med. Ctr., supra* at 39). Accordingly, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Under Workers' Compensation Law § 11, "[a]n employer shall not be liable for [common law] contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment for such employer unless such third person proves through competent medical evidence that such employee has sustained a 'grave injury' " as defined in that section (Workers' Compensation Law § 11). As the appellants failed to establish that the plaintiff aggravated his injuries while "acting within the scope of his . . . employment for" ABC, they failed to establish their entitlement to summary judgment dismissing all cross claims asserted against them inasmuch as those cross claims sought common-law indemnification from ABC. Accordingly, the Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing all cross claims asserted against them.

The appellants' remaining contention is without merit. Prudenti, P.J., Mastro, Angiolillo and Dickerson, JJ., concur.