■ LINDA COHN, Appellant, v WILLIAM S. COHN, Respondent. [903 NYS2d 252]—In an action, inter alia, to recover damages for breach of a stipulation of settlement, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (LaMarca, J.), dated April 20, 2009, as, upon reargument, adhered to its original determination in an order dated October 31, 2008, granting that branch of the de-

fendant's motion which was for summary judgment dismissing the sixth and seventh causes of action in the amended complaint.

Ordered that the appeal is dismissed, with costs.

As a general rule, we do not consider issues on a subsequent appeal which were raised or could have been raised in an earlier appeal which was dismissed for lack of prosecution, although this Court has the inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999]; *Bray v Cox*, 38 NY2d 350 [1976]). The plaintiff appealed from a prior order of the Supreme Court, Nassau County, dated October 31, 2008, inter alia, granting that branch of the defendant's motion which was for summary judgment dismissing the sixth and seventh causes of action in the amended complaint. That appeal (Appellate Division docket No. 2008-11328) was dismissed by this Court on October 23, 2009, for failure to perfect in accordance with the rules of this Court (*see* 22 NYCRR 670.8 [h]). This Court has the authority to review the issues raised on the plaintiff's instant appeal from the order made upon reargument in the exercise of our discretion (*see Faricelli v TSS Seedman's*, 94 NY2d 772, 774 [1999]; *Tierney v Drago*, 38 AD3d 755 [2007]; *Cesar v Highland Care Ctr., Inc.*, 37 AD3d 393 [2007]; *Podbielski v KMO-361 Realty Assoc.*, 294 AD2d 552, 553 [2002]). However, under the circumstances of this case, where the plaintiff failed to provide this Court with an adequate record, we decline to exercise our discretion to review the merits of the instant appeal. Skelos, J.P., Santucci, Dickerson and Leventhal, JJ., concur.