■ Hoa Lam et al., Respondents, v Sky Realty, Inc., Defendant/Third-Party Plaintiff-Appellant-Respondent, Triple 8 Construction, Inc., Defendant-Appellant-Respondent, and 652 Lin's Garden, Inc., Defendant/Third-Party Defendant-Respondent-Appellant. (And Another Third-Party Action.) [37 NYS3d 627]—

In an action to recover damages for personal injuries, etc., the defendant Triple 8 Construction, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), entered July 21, 2014, as denied those branches of its motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence and all cross claims insofar as asserted against it; the defendant/third-party plaintiff Sky Realty, Inc., appeals, as limited by its brief, from so much of the same order as denied those branches of its motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence and all cross claims insofar as asserted against it, and for summary judgment on its third-party cause of action for contractual indemnification against the defendant/third-party defendant 652 Lin's Garden, Inc.; and the defendant/third-party defendant 652 Lin's Garden, Inc., cross-appeals from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the plaintiffs by the defendant Triple 8 Construction, Inc., the defendant/third-party plaintiff Sky Realty, Inc., and the defendant/third-party defendant 652 Lin's Garden, Inc., and one bill of costs payable to the defendant/third-party defendant 652 Lin's Garden, Inc., by the defendant/third-party plaintiff Sky Realty, Inc.

In September 2010, Sky Realty, Inc. (hereinafter Sky Realty), the owner of a mixed use building located in Queens, leased the commercial area on the ground floor of the building to 652 Lin's Garden, Inc. (hereinafter Lin's Garden), for the purpose of operating a take-out restaurant. The lease contained provisions for Lin's Garden's contractual indemnification of Sky Realty. Lin's Garden hired Triple 8 Construction, Inc. (hereinafter Triple 8) to renovate the premises prior to opening.

On November 9, 2010, Hoa Lam (hereinafter the plaintiff), who worked as a day laborer, was asked by an acquaintance if he wanted to come to work that day on the renovation of the subject premises, and the plaintiff agreed. The plaintiff started to work on the roof of the premises, installing a ventilation system for the restaurant. He was provided with a handheld electric grinder, and shown where to cut an opening in a metal fence for a ventilation pipe. While the plaintiff was using the saw, the blade came loose and he allegedly sustained injuries. The plaintiff filed for and received workers' compensation benefits.

The plaintiff, and his wife suing derivatively, commenced this action against Sky Realty, Lin's Garden, and Triple 8, alleging, inter alia, violations of Labor Law § 200 and common-law negligence. Sky Realty commenced a third-party action against Lin's Garden seeking, inter alia, contractual indemnification. The Supreme Court denied those branches of the motions of Triple 8, Sky Realty, and Lin's Garden which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action and all cross claims insofar as asserted against each of them, as well as that branch of Sky Realty's motion which was for summary judgment on its third-party cause of action for contractual indemnification against Lin's Garden. We affirm.

Labor Law § 200 is a codification of the common-law duty of an owner or contractor to provide employees with a safe place to work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Gonzalez v Perkan Concrete Corp.*, 110 AD3d 955 [2013]; *Weitz v Anzek Constr. Corp.*, 65 AD3d 678, 680 [2009]; *Aguilera v Pistilli Constr. & Dev. Corp.*, 63 AD3d 763 [2009]; *Peay v New York City School Constr. Auth.*, 35 AD3d 566, 567 [2006]). Where a cause of action arises out of the means and methods of the work, a defendant may be held liable for common-law negligence or a violation of Labor Law § 200 only if he or she had the authority to supervise or control the performance of the work (*see Gonzalez v Perkan Concrete Corp.*, 110 AD3d 955, 959-960 [2013]; *Forssell v Lerner*, 101 AD3d 807, 808 [2012]; *Ortega v Puccia*, 57 AD3d 54, 61 [2008]). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (*Ortega v Puccia*, 57 AD3d at 62).

When a defendant lends allegedly dangerous or defective equipment to a worker that causes injury during its use, in moving for summary judgment that defendant must establish

that it neither created the alleged danger or defect in the instrumentality nor had actual or constructive notice of the dangerous or defective condition (*see Gonzalez v Perkan Concrete Corp.*, 110 AD3d 955, 959 [2013]; *Navarro v City of New York*, 75 AD3d 590, 591-592 [2010]; *Chowdhury v Rodriguez*, 57 AD3d 121, 131-132 [2008]).

On their separate motions for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action and all cross claims insofar as asserted against each of them, Sky Realty, Lin's Garden, and Triple 8 failed to establish their prima facie entitlement to judgment as a matter of law. The evidence in the record fails to eliminate all triable issues of fact as to the identity of the plaintiff's employer, whether the plaintiff's injuries arose out of or in the course of his employment, and the role each of the defendants played in the renovation of the subject premises (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Baldwin v City of New York*, 43 AD3d 841, 842 [2007]). Accordingly, the Supreme Court properly denied those branches of the defendants' separate motions which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action and all cross claims insofar as asserted against each of them.

Furthermore, the Supreme Court properly denied that branch of Sky Realty's motion which was for summary judgment on its third-party cause of action for contractual indemnification against Lin's Garden, as Sky Realty failed to eliminate all triable issues of fact as to its freedom from negligence with regard to the underlying accident (*see DeSabato v 674 Carroll St. Corp.*, 55 AD3d 656 [2008]; *Wolfe v Long Is. Power Auth.*, 34 AD3d 575 [2006]; *Gibson v Bally Total Fitness Corp.*, 1 AD3d 477 [2003]). Leventhal, J.P., Roman, Sgroi and LaSalle, JJ., concur.