Appeals and cross appeals from three orders of the Supreme Court, Queens County (Allan B. Weiss, J.), dated October 1, 2014, January 23, 2015, and August 5, 2015, respectively. The plaintiff appeals from the order dated October 1, 2014, which denied his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). The plaintiff appeals from so much of the order dated January 23, 2015, as granted that branch of the motion of Mall Properties, Inc., KMO-361 Realty Associates, LLC, The Gap, Inc., and James Hunt Construction which was for summary judgment dismissing the complaint insofar as asserted against them. Mall Properties, Inc., KMO-361 Realty Associates, LLC, the Gap, Inc., and James Hunt Construction cross-appeal from so much of the order dated January 23, 2015, as (1) denied, as academic, those branches of their motion which were for summary judgment on their cross claims for contractual and common-law indemnification against Weather Champions, Ltd., (2) denied, as academic, that branch of their motion which was for summary judgment on their third-party cause of action against APCO Insulation Co., Inc., for common-law indemnification, (3) granted that branch of their motion which was for summary judgment on their third-party complaint against Harleysville Insurance only to the extent of declaring that Harleysville Insurance has a duty to defend James Hunt Construction and otherwise denied that branch of their motion, and (4) granted that branch of the cross motion of Harleysville Insurance which was for summary judgment dismissing the second third-party complaint and for a declaration in favor of Harleysville Insurance to the extent of declaring (a) that Harleysville Insurance had no duty to defend or indemnify Mall Properties, Inc., KMO-361 Realty Associates, LLC, or The Gap, Inc., and (b) that Harleysville Insurance had no duty to indemnify James Hunt Construction. Weather Champions, Ltd., separately cross-appeals from so much of the order dated January 23, 2015, as denied that branch of its separate motion which was for summary judgment on its third-party cause of action against APCO Insulation Co., Inc., for contractual indemnification. APCO Insulation Co., Inc., separately cross-appeals from so much of the order dated January 23, 2015, as made certain findings of fact and conclusions of law. Harleys-ville Insurance separately cross-appeals from so much of the order dated January 23, 2015, as (1) granted that branch of the motion of Mall Properties, Inc., KMO-361 Realty Associates, LLC, The Gap, Inc., and James Hunt Construction which was for summary judgment on the third-party complaint asserted against it to the extent of declaring that it has a duty to defend James Hunt Construction, and (2) denied that branch of its cross motion which was for summary judgment declaring that the policy of insurance issued by it was excess to a policy of insurance issued by the nonparty Netherlands Insurance Company. The plaintiff appeals from the order dated August 5, 2015, which granted the motion of Weather Champions, Ltd., for summary judgment dismissing the complaint insofar as asserted against it.
 

 Ordered that the cross appeal by APCO Insulation Co., Inc., from the order dated January 23, 2015, is dismissed, as it is not aggrieved by the portion of that order cross-appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144 [2010]); and it is further,
 

 Ordered that the order dated October 1, 2014, is reversed, on the law, and the plaintiff’s motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) is granted; and it is further,
 

 Ordered that the order dated January 23, 2015, is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of Mall Properties, Inc., KMO-361 Realty Associates, LLC, The Gap, Inc., and James Hunt Construction which was for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying that branch of their motion, (2) by deleting the provision thereof denying, as academic, those branches of the motion of Mall Properties, Inc., KMO-361 Realty Associates, LLC, The Gap, Inc., and James Hunt Construction which were for summary judgment on their cross claims for contractual and common-law indemnification against Weather Champions, Ltd., and on their third-party cause of action against APCO Insulation Co., Inc., for common-law indemnification, and substituting therefor a provision denying those branches of the motion on the merits, (3) by deleting the provision thereof granting that branch of the motion of Mall Properties, Inc., KMO-361 Realty Associates, LLC, The Gap, Inc., and James Hunt Construction which was for summary judgment on their third-party complaint against Harleysville Insurance to the extent of declaring that Harleysville Insurance has a duty to defend James Hunt Construction, and substituting therefor a provision denying that branch of their motion, (4) by deleting the provision thereof granting that branch of the cross motion of Harleysville Insurance which was for summary judgment to the extent of declaring that it had no duty to indemnify Mall Properties, Inc., KMO-361 Realty Associates, LLC, The Gap, Inc., or James Hunt Construction, and substituting therefor a provision denying that branch of its cross motion, and (5) by deleting the provision thereof denying that branch of the cross motion of Harleysville Insurance which was for summary judgment declaring that the policy of insurance issued by it was excess to the policy of insurance issued by the nonparty Netherlands Insurance Company, and substituting therefor a provision granting that branch of its cross motion; as so modified, the order is affirmed insofar as cross-appealed from; and it is further,
 

 Ordered that the order dated August 5, 2015, is reversed, on the law, and the motion of Weather Champions, Ltd., for summary judgment dismissing the complaint insofar as asserted against it is denied; and it is further,
 

 Ordered that the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment making declarations in accordance herewith; and it is further,
 

 Ordered that one bill of costs is awarded to the plaintiff, payable by Mall Properties, Inc., KMO-361 Realty Associates, LLC, The Gap, Inc., James Hunt Construction, and Weather Champions, Ltd., appearing separately and filing separate briefs, and one bill of costs is awarded to Harleysville Insurance, payable by Mall Properties, Inc., KMO-361 Realty Associates, LLC, The Gap, Inc., and James Hunt Construction.
 

 On November 26, 2011, the plaintiff was working at a retail property that was being refurbished. The property was owned and managed by Mall Properties, Inc. and KMO-361 Realty Associates, LLC, respectively, and leased by The Gap, Inc. James Hunt Construction (hereinafter James Hunt) served as the general contractor for the project. James Hunt hired Weather Champions, Ltd. (hereinafter Weather Champions), to install heating, ventilation, and air conditioning systems. Weather Champions, in turn, hired APCO Insulation Co., Inc. (hereinafter APCO), the plaintiff’s employer, to insulate the HVAC duct work.
 

 The plaintiff allegedly sustained injuries when, in the course of performing duct work at the construction site, he fell off a ladder that was not stable. At his deposition, the plaintiff testified that as he applied tape to one of the ducts, he felt the ladder shake, and he lost his balance and fell to the ground. The plaintiff commenced this action against (1) Mall Properties, Inc., (2) KMO-361 Realty Associates, LLC, (3) The Gap, Inc., (4) James Hunt, and (5) Weather Champions. The first cause of action alleged common-law negligence and a violation of Labor Law § 200. The second cause of action alleged a violation of Labor Law § 240 (1). The third cause of action alleged a violation of Labor Law § 241 (6).
 

 In their respective answers, Mall Properties, Inc., KMO-361 Realty Associates, LLC, The Gap, Inc., and James Hunt (hereinafter collectively the Mall defendants) asserted cross claims against Weather Champions for contractual and common-law indemnification.
 

 Weather Champions commenced a third-party action against APCO, asserting causes of action to recover for contractual and common-law indemnification. It also asserted a breach of contract cause of action, alleging that APCO failed to procure insurance as required in a “Blanket Subcontractor Agreement.”
 

 The Mall defendants commenced a third-party action against APCO. As relevant here, the Mall defendants alleged that they were entitled to common-law indemnification from APCO.
 

 In addition, the Mall defendants commenced a third-party action against Harleysville Insurance (hereinafter Harleys-ville), which had issued an insurance policy to Weather Champions. The Mall defendants sought a judgment declaring that Harleysville was required to “defend, indemnify and afford additional insured coverage to them” on a “primary” basis in this action.
 

 The plaintiff thereafter moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). The plaintiff sought summary judgment against the Mall defendants and Weather Champions. In the first order appealed from, dated October 1, 2014, the Supreme Court denied the plaintiff’s motion.
 

 The Mall defendants subsequently moved for summary judgment (1) dismissing the complaint insofar as asserted against them, (2) on their cross claims for contractual and common-law indemnification against Weather Champions, (3) on their third-party cause of action against APCO for common-law indemnification, and (4) on their third-party complaint against Harleys-ville for a declaration in their favor.
 

 Weather Champions, in turn, separately moved, inter alia, for summary judgment on its third-party cause of action against APCO for contractual indemnification. Weather Champions contended that APCO was required to indemnify it pursuant to the “Blanket Subcontractor Agreement.”
 

 Harleysville cross-moved for summary judgment dismissing the second third-party complaint which had been asserted against it by the Mall defendants. Harleysville contended that it was entitled to summary judgment declaring that it was not required to defend, indemnify, or afford additional insured coverage to the Mall defendants on a primary basis in this action. Harleysville further argued that even if James Hunt qualified as an additional insured, the policy of insurance that it issued was excess to a policy of insurance issued by James Hunt’s insurance carrier, the nonparty Netherlands Insurance Company (hereinafter Netherlands).
 

 As relevant here, in the second order appealed from, dated January 23, 2015, the Supreme Court (1) granted that branch of the Mall defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted against them, (2) denied, as academic, those branches of the Mall defendants’ motion which were for summary judgment on their cross claims for contractual and common-law indemnification against Weather Champions, (3) denied, as academic, that branch of the Mall defendants’ motion which was for summary judgment on their third-party cause of action against APCO for common-law indemnification, (4) denied that branch of Weather Champions’ separate motion which was for summary judgment on its third-party cause of action against APCO for contractual indemnification, (5) granted that branch of the Mall defendants’ motion which was for summary judgment on their third-party complaint against Harleysville only to the extent of declaring that Harleysville has a duty to defend James Hunt and otherwise denied that branch of the motion, (6) granted that branch of Harleysville’s cross motion which was for summary judgment dismissing the second third-party complaint which had been asserted against it by the Mall defendants and for a declaration in its favor to the extent of declaring (a) that it had no duty to defend or indemnify Mall Properties, Inc., KMO-361 Realty Associates, LLC, and the Gap, Inc., and (b) that it had no duty to indemnify James Hunt, and (7) denied that branch of Harleysville’s cross motion which was for summary judgment declaring that the policy issued by it was excess to the policy issued by the Netherlands.
 

 Weather Champions moved for summary judgment dismissing the complaint insofar as asserted against it. In the third order appealed from, dated August 5, 2015, the Supreme Court granted that motion.
 

 The plaintiff appeals from the first, second, and third orders. The Mall defendants, Weather Champions, APCO, and Harleys-ville cross-appeal from the second order. We reverse the first and third orders, and modify the second order.
 

 The plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of the defendants’ liability on the Labor Law § 240 (1) cause of action. The plaintiff testified at a deposition that on the date of the accident, he and his four coworkers did not bring any ladders to the work site from the APCO office. According to the plaintiff, there were approximately six or seven ladders stored at the APCO office. The plaintiff’s testimony shows that the work performed by the plaintiff and his four coworkers required that they each use a ladder or other device to reach the ducts, which were located near the ceiling. The plaintiff testified that three of his coworkers used ladders that were left at the work site, apparently by another contractor. The plaintiff used the last available ladder in his work area. According to the plaintiff, this ladder was missing two of its rubber feet, and was missing the lowest rung. The plaintiff testified that the floor was “not finished” and that it was partially covered in concrete and partially covered in rubble. The plaintiff indicated that there were “all types of things” strewn on the ground and that the floor “was not level.” The plaintiff stated that, as he was standing on the ladder to perform his work, the ladder “shook,” and he “lost [his] balance” and fell. The plaintiff next remembered regaining consciousness in a hospital.
 

 This testimony showed, prima facie, that the plaintiff was not provided with a proper and adequate safety device to perform his work at an elevated height, and that such failure to provide proper safety equipment was a proximate cause of the accident (see Melchor v Singh, 90 AD3d 866, 868 [2011]; Raynor v Quality Plaza Realty, LLC, 84 AD3d 774 [2011]; Aguilar v Henry Mar. Serv., Inc., 12 AD3d 542, 543 [2004]).
 

 In opposition to the plaintiff’s motion, the Mall defendants and Weather Champions failed to raise a triable issue of fact. Although the Mall defendants contended that the plaintiff’s actions constituted the sole proximate cause of the accident, they failed to submit sufficient evidence demonstrating that the plaintiff failed to use an appropriate safety device that was “readily available at the work site,” although not necessarily “in the immediate vicinity of the accident,” despite being aware that he was “expected to use” such a device (Gallagher v New York Post, 14 NY3d 83, 88 [2010]; see Doto v Astoria Energy II, LLC, 129 AD3d 660, 662 [2015]; Murphy v Tahoe Dev. Corp., 111 AD3d 609, 610 [2013]). Accordingly, the Supreme Court should have granted the plaintiff’s motion for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action. The court should have denied that branch of the Mall defendants’ motion, and that branch of Weather Champions’ separate motion, which were for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against each of them.
 

 The Mall defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 241 (6) cause of action insofar as it was based on Industrial Code (12 NYCRR) § 23-1.21 (b) (3) (iv) and (4) (ii). Contrary to their contention, the Mall defendants did not make a prima facie showing that the plaintiff’s conduct was the sole proximate cause of the accident (see Jimenez v Metropolitan Transp. Auth., 124 AD3d 507, 508 [2015]; Quinn v Whitehall Props., II, LLC, 69 AD3d 599, 601 [2010]). Weather Champions also failed to establish its prima facie entitlement to judgment as a matter of law with respect to this cause of action. Furthermore, Weather Champions’ contention that it was not a proper defendant with respect to the Labor Law § 241 (6) cause of action is not properly before this Court, as Weather Champions did not raise this contention in support of its motion for summary judgment. Accordingly, the Supreme Court should have denied that branch of the Mall defendants’ motion, and that branch of Weather Champions’ separate motion, which were for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against each of them.
 

 The Mall defendants and Weather Champions also failed to establish their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging common-law negligence and a violation of Labor Law § 200. “Labor Law § 200 (1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work” (Ortega v Puccia, 57 AD3d 54, 60 [2008]). “Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed” (id. at 61). “These two categories should be viewed in the disjunctive” (id.). Where, as here, “an accident is alleged to involve both a dangerous condition on the premises and the ‘means and methods’ of the work, a defendant moving for summary judgment with respect to causes of action alleging a violation of Labor Law § 200 is obligated to address the proof applicable to both liability standards” (Banscher v Actus Lend Lease, LLC, 132 AD3d 707, 709-710 [2015]; see Pineda v Elias, 125 AD3d 738, 738-739 [2015]; DiMaggio v Cataletto, 117 AD3d 984, 986 [2014]).
 

 Here, in moving for summary judgment, the defendants failed to address the allegation in the complaint that the plaintiff was injured due to the dangerous or defective premises conditions at the work site. Furthermore, contrary to the Supreme Court’s conclusion, the plaintiff was not ultimately required to demonstrate that the Mall defendants actually exercised supervisory control.
 

 “[W]hen the manner and method of work is at issue in a Labor Law § 200 analysis” the issue is “whether the defendant had the authority to supervise or control the work” (Ortega v Puccia, 57 AD3d at 62 n 2; see Lam v Sky Realty, Inc., 142 AD3d 1137, 1138 [2016]). “A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed” (Ortega v Puccia, 57 AD3d at 62; see Lam v Sky Realty, Inc., 142 AD3d at 1138).
 

 Here, the defendants failed to establish that they did not have the authority to supervise or control the means and methods of the work performed by the plaintiff. Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging common-law negligence and a violation of Labor Law § 200, the Supreme Court should have denied that branch of the Mall defendants’ motion, and that branch of Weather Champions’ separate motion, which were for summary judgment dismissing that cause of action insofar as asserted against each of them (see Lam v Sky Realty, Inc., 142 AD3d at 1139; Niewojt v Nikko Constr. Corp., 139 AD3d 1024, 1025 [2016]; see also Seferovic v Atlantic Real Estate Holdings, LLC, 127 AD3d 1058, 1060-1061 [2015]).
 

 In light of the foregoing, those branches of the Mall defendants’ motion which was for summary judgment on their cross claims for contractual and common-law indemnification against Weather Champions, and that branch of their motion which was for summary judgment on their third-party cause of action against APCO for common-law indemnification, were not, as the Supreme Court concluded, academic. We nevertheless conclude that those branches of the Mall defendants’ motion should have been denied on the merits (see e.g. Board of Directors of House Beautiful at Woodbury Homeowners Assn., Inc. v Godt, 96 AD3d 983, 985-986 [2012]).
 

 The right to contractual indemnification depends upon the specific language of the contract (see Ramales v Pecker Iron Workers of Westchester, Inc., 114 AD3d 920, 921 [2014]; Holub v Pathmark Stores, Inc., 66 AD3d 741, 742-743 [2009]; George v Marshalls of MA, Inc., 61 AD3d 925, 930 [2009]). Here, the Mall defendants’ cross claim against Weather Champions for contractual indemnification was based on a contract between Weather Champions and James Hunt, pursuant to which Weather Champions agreed, inter alia, to indemnify James Hunt if Weather Champions or one of its subcontractors was negligent. Inasmuch as the Mall defendants failed to establish that Weather Champions or APCO was negligent as a matter of law in connection with the accident, the Mall defendants failed to establish their prima facie entitlement to judgment as a matter of law on their cross claim for contractual indemnification against Weather Champions. Accordingly, that branch of the Mall defendants’ motion should have been denied on the merits.
 

 “The principle of common-law, or implied, indemnification permits one who has been compelled to pay for the wrong of another to recover from the wrongdoer the damages it paid to the injured party” (Curreri v Heritage Prop. Inv. Trust, Inc., 48 AD3d 505, 507 [2008]; see McCarthy v Turner Constr., Inc., 17 NY3d 369, 375 [2011]; George v Marshalls of MA, Inc., 61 AD3d at 929). In order to establish their claim for common-law indemnification, the Mall defendants were required to prove not only that they were not negligent, but also that the proposed indemnitor, Weather Champions, was responsible for negligence that contributed to the accident or, in the absence of any negligence, that it had the authority to direct, supervise, and control the work giving rise to the injury (see McCarthy v Turner Constr., Inc., 17 NY3d at 377-378; Posa v Copiague Pub. School Dist., 84 AD3d 770, 774 [2011]; Benedetto v Carrera Realty Corp., 32 AD3d 874, 875-876 [2006]). Here, the Mall defendants failed to establish their prima facie entitlement to judgment as a matter of law on their cross claim for common-law indemnification against Weather Champions (see Posa v Copiague Pub. School Dist., 84 AD3d at 774; Mendelsohn v Goodman, 67 AD3d 753, 754 [2009]; Benedetto v Carrera Realty Corp., 32 AD3d at 875-876). Accordingly, that branch of the Mall defendants’ motion should have been denied on the merits.
 

 Furthermore, in order for a plaintiff’s employer to be held liable in common-law indemnification, where the worker is covered by the Workers’ Compensation Law law, it must be shown that the plaintiff suffered from a “ ‘grave injury’ ” (Workers’ Compensation Law § 11; see Benedetto v Carrera Realty Corp., 32 AD3d at 875). Here, the Mall defendants failed to establish, prima facie, that APCO was negligent as a matter of law or that the plaintiff sustained a grave injury within the meaning of the statute (cf. Purcell v Visiting Nurses Found. Inc., 127 AD3d 572, 574 [2015]). Accordingly, that branch of the Mall defendants’ motion which was for summary judgment on their third-party cause of action against APCO for common-law indemnification should have been denied on the merits.
 

 Weather Champions contends that the Supreme Court erred in denying that branch of its separate motion which was for summary judgment on its third-party cause of action against APCO for contractual indemnification. However, Weather Champions did not demonstrate its entitlement to summary judgment as it failed to establish, prima facie, that a binding indemnification agreement between it and APCO was in effect at the time of the accident (see Tierney v Drago, 38 AD3d 755, 757-758 [2007]; Duane Reade, Inc. v Cardtronics, LP, 54 AD3d 137, 144 [2008]), and it failed to eliminate all triable issues of fact as to whether it was free from negligence in connection with the accident (see Nealy v Pavarini-McGovern, LLC, 135 AD3d 917, 920 [2016]; cf. Muevecela v 117 Kent Ave., LLC, 129 AD3d 797, 798 [2015]). Accordingly, the Supreme Court properly denied that branch of Weather Champions’ separate motion which was for summary judgment on its third-party cause of action against APCO for contractual indemnification, without regard to the sufficiency of APCO’s opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
 

 The Mall defendants contend that they are entitled to summary judgment declaring that Harleysville has a duty to defend and indemnify them in the plaintiff’s action, on a primary basis, as additional insureds under a policy of insurance issued by Harleysville to Weather Champions. Harleysville contends that any coverage afforded to the Mall defendants would be excess to coverage under a policy of insurance issued by Netherlands to James Hunt.
 

 The Harleysville policy provides that coverage under the additional insured endorsement shall be excess over any other available insurance unless the underlying written contract between Weather Champions and James Hunt requires such additional insured coverage to be primary. The relevant contract between Weather Champions and James Hunt does not specifically require Weather Champions to procure primary insurance covering James Hunt as an additional insured. The Netherlands policy issued to James Hunt, in turn, provides primary coverage except that such coverage shall be excess over any other primary insurance available under an additional insured provision of another policy. Accordingly, contrary to the Supreme Court’s conclusion, the policy of insurance issued by Harleysville is excess to the policy of insurance issued by Netherlands (see Great N. Ins. Co. v Mount Vernon Fire Ins. Co., 92 NY2d 682 [1999]; cf. Kel-Mar Designs, Inc. v Harleysville Ins. Co. of N.Y., 127 AD3d 662, 663 [2015]). Inasmuch as the Harleysville policy is excess to the Netherlands policy, Harleysville has no obligation to defend the Mall defendants (see General Motors Acceptance Corp. v Nationwide Ins. Co., 4 NY3d 451, 455-456 [2005]; General Acc. Fire & Life Assur. Corp. v Piazza, 4 NY2d 659, 669 [1958]; Firemen’s Ins. Co. of Washington, D.C. v Federal Ins. Co., 233 AD2d 193 [1996]). Under these circumstances, the court erred in granting that branch of the Mall defendants’ motion which was for summary judgment on their third-party complaint against Harleysville to the extent of declaring that Harleysville has a duty to defend James Hunt. Furthermore, that branch of Harleysville’s cross motion which was for summary judgment declaring that the policy of insurance issued by it was excess to the policy of insurance issued by Netherlands should have been granted.
 

 The Supreme Court also erred in granting that branch of Harleysville’s cross motion which was for summary judgment to the extent of declaring that it had no duty to indemnify the Mall defendants. The additional insured endorsement of the Harleysville policy provides that an additional insured is covered only for damages caused by Weather Champions, or those acting on its behalf, to which the additional insured is entitled to be indemnified by Weather Champions pursuant to the contract between Weather Champions and James Hunt. The contract between Weather Champions and James Hunt provides that Weather Champions shall indemnify certain enumerated entities and individuals for damages arising out of Weather Champions’ work, provided that such damages were caused by the “negligent acts or omissions” of Weather Champions or its subcontractors, or anyone employed by them. Accordingly, since Harleysville failed to establish, as a matter of law, that the additional insured endorsement could not be triggered under the circumstances of this case or that it was otherwise inapplicable, the court erred in awarding summary judgment declaring that Harleysville had no duty to indemnify the Mall defendants. Since the Mall defendants failed to establish, as a matter of law, that the additional insured endorsement was triggered, the court properly denied that branch of their motion which was for summary judgment declaring that Harleysville has a duty to indemnify them.
 

 Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment, inter aha, declaring that, to the extent the subject insurance policy issued by Harleysville provides coverage to James Hunt as an additional insured, that coverage is not primary, but only excess (see Lanza v Wagner, 11 NY2d 317, 334 [1962]).
 

 Dillon, J.P., Miller, Hinds-Radix and Connolly, JJ., concur.