534 K, LLC v Flagstar Bank, FSB (2020 NY Slip Op 05877)





534 K, LLC v Flagstar Bank, FSB


2020 NY Slip Op 05877


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-06291
 (Index No. 512924/17)

[*1]534 K, LLC, appellant,
v
Flagstar Bank, FSB, respondent.


Berg & David PLLC, Brooklyn, NY (Abraham David and Shane Wax of counsel), for appellant.
Hogan Lovells US LLP, New York, NY (Allison J. Schoenthal, Chava Brandriss, and Chenxi Jiao of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated April 2, 2018. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The defendant, Flagstar Bank, FSB (hereinafter Flagstar), commenced a foreclosure action against nonparty Clifton Campbell on or about February 2, 2009. That action was dismissed due to Flagstar's failure to establish standing. Flagstar commenced a second action in 2010, but never served Campbell with process. Flagstar commenced a currently pending foreclosure action on March 15, 2013. A notice of pendency, covering the subject premises known as 534 Kosciuszko Street in Brooklyn, was filed with the Kings County Clerk on March 15, 2013.
Campbell sold the subject premises to the plaintiff, 534 K, LLC (hereinafter the plaintiff), on June 6, 2013—approximately 2½ months after the notice of pendency was filed. The plaintiff recorded its deed to the property on May 14, 2014—more than a year after the notice of pendency was filed.
The 2010 and 2013 foreclosure actions were later consolidated. The Supreme Court subsequently granted Flagstar's motion to discontinue the action insofar as asserted against Campbell, since Campbell no longer had any interest in the subject property. In discontinuing the action insofar as asserted against Campbell, Flagstar "consented to waive its right to seek a deficiency judgment against the borrower, Clifton Campbell."
On or about June 27, 2017, the plaintiff commenced the instant action to quiet title to the subject premises. Flagstar moved, inter alia, pursuant to CPLR 3211(a)(1) to dismiss the complaint, submitting in support of its motion the pleadings and orders from the consolidated foreclosure action, as well as the document recording the plaintiff's deed to the premises. In an order dated April 2, 2018, the Supreme Court granted Flagstar's motion to dismiss the complaint. The plaintiff appeals.
To succeed on a motion to dismiss a complaint pursuant to CPLR 3211(a)(1), the documentary evidence which forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Bayview Loan Servicing, LLC v Windsor, 172 AD3d 799, 801).
"Pursuant to CPLR 6501, the filing of a notice of pendency provides constructive notice of an action in which the judgment demanded may affect the title to real property" (Novastar Mtge., Inc. v Mendoza, 26 AD3d 479, 479). "The statute further provides that a person whose conveyance is recorded after the filing of a notice of pendency is bound by all proceedings taken in the action after such filing to the same extent as if he or she were a party" (id. at 479; see Stout St. Fund I, L.P. v Halifax Group, LLC, 148 AD3d 749, 750).
Here, the plaintiff contends that it was a necessary party to the consolidated foreclosure action, and that it cannot be added as a party to that action now because the six-year limitations period has expired. However, documentary evidence submitted by Flagstar established that the plaintiff's deed was recorded after the filing of the notice of pendency, and thus, the plaintiff would be bound by any judgment in the consolidated foreclosure action, regardless of whether it was actually a party to that action. The plaintiff, therefore, was not a necessary party to the consolidated foreclosure action.
Thus, the documentary evidence submitted by Flagstar resolved all factual issues as a matter of law, and conclusively disposed of the plaintiff's claim that it had unencumbered title to the subject premises. The Supreme Court therefore properly granted that branch of Flagstar's motion which was to dismiss the complaint pursuant to CPLR 3211(a)(1).
The plaintiff's remaining contentions are without merit.
AUSTIN, J.P., COHEN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court