**Minchala v San Remo Tenants' Corp.**

2026 NY Slip Op 30942(U)

February 27, 2026

Supreme Court, Kings County

Docket Number: Index No. 521289/2022

Judge: Devin P. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

**Supreme Court of the State of New York**
**County of Kings**

Index Number___ **521289/2022**___
Seqs. 004, 005

Part LL1M

---

MANUEL VIZHCO MINCHALA,

Plaintiff,

against

SAN REMO TENANTS' CORP., DYNAMIC
INSTALLATION CORP., AND AM&G
WATERPROOFING LLC,

Defendants.

**DECISION/ORDER**

---

SAN REMO TENANTS' CORP.,

Third-Party Plaintiff,

against

KILLOWEN CONSTRUCTION INC. AND GLENDA
MCNEAL,

Third-Party Defendants.

---

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this motion, by reference to the New York State Courts Electronic Filing System docket numbers: NYSCEF 36–52, 55–81.

Upon the foregoing papers, third-party defendant Killowen Construction Inc. (Killowen)'s motion to, *inter alia*, dismiss the third-party complaint (Seq. 004) and third-party defendant Glenda McNeal's motion to dismiss the third-party complaint (Seq. 005) are decided as follows:

Plaintiff commenced this action to recover for damages he claims to have sustained on July 5, 2022 while working in an apartment located at 145 Central Park West, New York, NY (the premises). Plaintiff's note of issue was vacated on June 17, 2025, in order to allow additional discovery on the issue of plaintiff's alleged traumatic brain injury. Third-party

1

[* 1]

defendant Ms. McNeal, as a shareholder, owns the single residential co-operative unit designated 11B within the premises.

## Analysis

A motion to dismiss is not a substitute for a motion for summary judgment, and "whether the complaint will later survive a motion for summary judgment . . . plays no part in the determination" of a CPLR 3211 motion to dismiss (*Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 38 [2d Dept 2006]).

To dismiss a claim pursuant to CPLR 3211 (a) (1), the movant must produce documents that resolve "all factual issues as a matter of law, and conclusively [dispose] of the plaintiff's claim" (*534 K, LLC v Flagstar Bank, FSB*, 187 AD3d 971 [2d Dept 2020]; *see also Braun Soller v Dahan*, 173 A.D.3d 803, 805 [2d Dept 2019]). Documentary evidence for the purpose of this statute includes "out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable" (*McDonald v O'Connor*, 189 AD3d 1208, 1210 [2d Dept 2020]).

"Under CPLR 3211 (a) (7), the applicable test is whether the pleading states a cause of action, not whether the proponent of the pleading, in fact, has a meritorious cause of action . . . The court must determine whether, accepting as true the factual averments of the complaint and according the plaintiff the benefits of all favorable inferences which may be drawn therefrom, the plaintiff can succeed upon any reasonable view of the facts stated" (*Board of Educ. Of City School Dist. Of City of New Rochelle v County of Westchester*, 282 AD2d 561 [2d Dept 2001]).

### Common-Law Indemnification and Contribution

Killowen contends that the common-law indemnification and contribution claims against it must be dismissed pursuant to Workers' Compensation Law (WCL) § 11. However, the

[* 2]

protection under WCL § 11 contains an exception in cases where plaintiffs have sustained a grave injury (*see e.g. Velazquez-Guadalupe v Ideal Builders and Construction Services, Inc.*, 216 AD3d 63 [2d Dept 2023]). Here, plaintiff has alleged that he suffered a traumatic brain injury, and discovery about the nature and extent of that allegation are ongoing. Since a CPLR 3211 motion must be decided on the pleadings, and plaintiff has alleged an injury that may qualify as "grave" under the WCL, Killowen's motion is denied.

Ms. McNeal seeks dismissal on the basis of the homeowner's exemption under Labor Law § 240 (1) and § 241 (6). Although the Second Department has held that the exemption can apply to actual-occupant shareholders in possession of co-operative units (*Maciejewski v 975 Park Ave. Corp.*, 37 AD3d 773 [2d Dept 2007]), the exemption does not apply where the homeowner directed or controlled the work. Moreover, San Remo argues that its claims are based on Ms. McNeal's negligence, not merely her potential status as a Labor Law defendant. A party must also show itself free from negligence to prevail on a motion to dismiss a common-law indemnification or contribution claim (*Poalacin v Mall Properties, Inc.*, 155 AD3d 900, 909 [2d Dept 2017]). In light of the pleadings, San Remo has not failed to state a cause of action, and Ms. McNeal's motion is denied.

**Contractual Indemnification**

The right to contractual indemnification is established by the "specific language of the contract" (*Dos Santos v Power Auth. of State of New York*, 85 AD3d 718, 722 [2d Dept 2011]; quoting *George v Marshalls of MA, Inc.*, 61 AD3d 925, 930 [2d Dept 2009]). "In addition, a party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor" (*Anderson v United Parcel Serv., Inc.*, 194 AD3d 675, 678 [2d Dept 2021]).

3

[* 3]

Killowen argues that its contract only obligates it to indemnify Ms. McNeal and non-party Brown Harris Stevens Residential Management, LLC (Brown Harris). San Remo argues that the contract obliges it to indemnify "the Building," and Killowen's certificate of insurance explicitly identifies San Remo as an additional insured (AI). Although AI status and the obligation to indemnify are legally distinct, the ambiguities render the document insufficient to support a CPLR 3211 (a) (1) motion to dismiss.

Ms. McNeal also argues that she did not owe a contractual indemnification obligation to San Remo. San Remo produced the Preliminary Request for Decorating/Alterations, purportedly signed by Ms. McNeal, which requires that the "shareholder . . . agree that they shall indemnify and hold San Remo Tenants' Corp. . . . harmless . . . from all cost and expense in connection therewith" (agreement at 2).

In light of the document that could be interpreted as imposing contractual indemnification obligations on both Killowen and Ms. McNeal, both parties' motions are denied.

## Conclusion

Killowen's motion to dismiss (Seq. 004) is denied; the portions of Killowen's motion seeking discovery-related relief are denied without prejudice to a new motion made to the appropriate Part.

Ms. McNeal's motion to dismiss (Seq. 005) is denied.

This constitutes the decision of the court.

February 27, 2026
**DATE**

**DEVIN P. COHEN**
Justice of the Supreme Court

4

[* 4]